# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| DEWITT COATES,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>LYFT, INC., NEUTRON HOLDINGS, INC. d/b/a LIME, SEGWAY, INC. d/b/a SEGWAY NINEBOT, ABC Corporation, XYZ Corporation, and JOHN DOE 1-5,<br><br>　　　　　　　Defendants. | CIVIL ACTION FILE NO.:<br>_____<br><br>**DEFENDANT LYFT, INC.'S NOTICE OF REMOVAL OF ACTION**<br><br>**28 U.S.C. § 1441(a)**<br>**DIVERSITY OF CITIZENSHIP**<br><br>Action Filed: March 10, 2021<br><br>(State Court of Gwinnett County Civil Action File No. 21-C-01830-S4) |

## DEFENDANT LYFT, INC.'S NOTICE OF REMOVAL

## TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION:

**PLEASE TAKE NOTICE** that Defendant Lyft, Inc. ("Lyft") hereby removes to this Court the above-captioned State Court of Gwinnett County action.

This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and may be removed to this Court by Lyft pursuant to the provisions of 28 U.S.C. § 1441(a) because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum or value of $75,000, exclusive of interest and costs.

## BACKGROUND AND TIMELINESS OF REMOVAL

On March 10, 2021, Plaintiff Dewitt Coates ("Plaintiff") filed a Complaint in the State Court of Gwinnett County entitled *Dewitt Coates v. Lyft, Inc., Neutron Holdings, Inc. d/b/a Lime, Segway, Inc. d/b/a Segway Ninebot, ABC Corporation, XYZ Corporation, and John Doe 1-5*, Civil Action File Number 21-C-01830-S4. Plaintiff asserts strict product liability and negligence causes of action against Lyft relating to an alleged scooter accident in which Plaintiff claims he sustained "personal injuries," "pain and suffering," "medical expenses" and "damages and losses," and seeks to recover "costs" and "all elements of damages allowed by law." A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

Plaintiff served Lyft with the Summons and Complaint on March 12, 2021. This Notice of Removal is timely because Lyft has filed it "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

## JURISDICTION FOR REMOVAL

This Court has original jurisdiction over the claim against Lyft under 28 U.S.C. § 1332 because the parties are completely diverse and the allegations of the Complaint demonstrate that the amount in controversy exceeds $75,000.

First, as alleged in the Complaint, Plaintiff is a resident of Fulton County, Georgia; Lyft is incorporated in Delaware with its principal place of business in California; Defendant Neutron Holdings, Inc. ("Neutron Holdings") is incorporated in Delaware with its principal place of business in California; and Defendant Segway, Inc. is incorporated in Delaware with its principal place of business in New Hampshire. See Pl.'s Compl. ¶¶ 1, 2, 7, and 12. Accordingly, there is complete diversity amongst Plaintiff and all named Defendants.

Second, while Plaintiff's Complaint does not state the specific amount in damages sought, the following factors support a finding that the amount in controversy more likely than not exceeds the jurisdictional threshold of $75,000. First, this action was filed in the State of Georgia, which does not impose any cap on noneconomic damages in personal injury actions. As such, Plaintiff's claim for pain and suffering alone could exceed $75,000. See Pl.'s Compl. ¶¶ 30, 149, and 152. Next, Plaintiff alleges to have sustained injuries and pain and suffering when he "collided with the electrical box and Plaintiff's head and face slammed into the electrical box on the sidewalk" and is seeking "special damages for all medical expenses incurred on behalf of Plaintiff." See Pl.'s Compl. ¶¶ 27, 30, 149, and 152. Accordingly, based on the Complaint and Lyft's good faith belief of what Plaintiff believes this case is worth, the amount in controversy in this action more likely than

not exceeds the jurisdictional threshold of $75,000. *See Tapscott v. MS Dealer Service Corp.*, 77 F3d 1353, 1357 (11th Cir. (Fla) 1996) (The defendant's ability to remove a state case to Federal Court "… does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement. Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages."), *overruled on other grounds by Office Depot v. Cohen*, 204 F.3d 1069 (11th Cir. (Fla) 2000).

The removal of this claim to this Court is proper under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum of $75,000 and is between citizens of different States.

## VENUE

Venue lies in the Northern District of Georgia under 28 U.S.C. §§ 1441(a), 1446(a), and 90(a). This action was filed in the State Court of Gwinnett County and the United States District Court for the Northern District of Georgia, Atlanta Division, encompasses said forum.

## STATE COURT AND RELATED DOCUMENTS

In accordance with 28 U.S.C. § 1446(a), Lyft attaches to this Notice the following documents, which are all the process, pleadings, and orders served upon

Lyft and/or filed in the State Court of Gwinnett County, prior to the Notice of Removal:

a) Summons, Civil Case Cover Sheet, Summonses, Complaint, Neutron Holdings' Stipulation Extending Time to Answer, and Lyft's Answer, all of which are attached hereto as **Exhibit A**.

## SERVICE OF NOTICE OF REMOVAL

Lyft will simultaneously serve this Notice of Removal on Plaintiff and will promptly file it with the Clerk of the State Court of Gwinnett County.

Respectfully submitted this 12th day of April, 2021.

**HALL BOOTH SMITH, P.C.**

*/s/ Jeffery Randolph Saxby*
JEFFERY RANDOLPH SAXBY
Georgia Bar No. 623423
CAMERON A. MOBLEY
Georgia Bar No. 613048

191 Peachtree Street NE
Suite 2900
Atlanta, GA  30303
404-954-5000 / 404-954-5020 Fax

*Attorneys for Defendant Lyft, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing ***DEFENDANT LYFT, INC.'S NOTICE OF REMOVAL*** with the Clerk of Court using the CM/ECF system and via first class mail postage prepaid to the following attorneys of record:

<div style="columns:2">

Kevin N. Golden
Kevin N. Golden Esq. LLC
725 Ponce De Leon Ave NE
Floor 2
Atlanta, GA  30306
kgolden@kevingoldenlaw.com
*Attorney for Plaintiff*

Rakhi D. McNeill
Waldon Adelman Castilla
Hiestand & Prout
900 Circle 75 Parkway
Suite 1040
Atlanta, GA  30339
rmcneill@wachp.com
*Attorneys for Defendant Neutron Holdings, Inc. d/b/a Lime*

</div>

This 12th day of April, 2021.

191 Peachtree Street NE
Suite 2900
Atlanta, GA  30303
404-954-5000 / 404-954-5020  Fax

**HALL BOOTH SMITH, P.C.**

*/s/ Jeffery Randolph Saxby*
JEFFERY RANDOLPH SAXBY
Georgia Bar No. 623423
CAMERON A. MOBLEY
Georgia Bar No. 613048

*Attorneys for Defendant Lyft, Inc.*