## Case Information

21-C-01830-S4 | COATES VS LYFT INC et al

| | | |
|---|---|---|
| Case Number | Court | Judicial Officer |
| 21-C-01830-S4 | Division 4 | Colvin Leary, Ronda |
| File Date | Case Type | Case Status |
| 03/10/2021 | Tort - Product Liability Tort* | Pending |

## Party

Plaintiff
COATES, DEWITT

Address
725 PONCE DE LEON AVE
FLOOR 2
ATLANTA GA 30306

Active Attorneys ▼
Lead Attorney
GOLDEN, KEVIN N
Retained

Defendant
LYFT INC

Address
289 S CULVER STREET
LAWERENCEVILLE GA 30046

Active Attorneys ▼
Pro Se

Defendant
NEURTON HOLDINGS INC

Aliases
*DBA* LIME SEGWAY INC
*DBA* SEGWAY NINEBOT
Address

Active Attorneys ▼
Pro Se

289 S CULVER STREET
LAWERENCEVILLE GA 30046

**Defendant**
SEGWAY INC d/b/a SEGWAY NINEBOT

**Address**
CT Corporation Systems
2 Beacon Street
Concord NH 03301

Active Attorneys ▾
Pro Se

**Defendant**
ABC CORP

Active Attorneys ▾
Pro Se

**Defendant**
XYZ CORP

Active Attorneys ▾
Pro Se

**Defendant**
DOES, JOHN

Active Attorneys ▾
Pro Se

## Events and Hearings

03/10/2021 Complaint with Jury Demand ▾

Comment
Complaint

03/10/2021 General Civil/ Domestic Relations Case Filing Info ▼

Comment
Civil Case Initiation Form

03/10/2021 Summons ▼

Comment
Summons - Lyft, Inc.

03/10/2021 Summons ▼

Comment
Summons - Neutron Holdings, Inc.

03/10/2021 Summons ▼

Comment
Summons - Segway, Inc.

03/16/2021 Affidavit of Process Server ▼

Comment
Affidavit of Service - Segway

03/16/2021 Summons ▼

Served
03/12/2021

Anticipated Server
Private Process Server

Anticipated Method
Corporation

03/17/2021 Affidavit of Process Server ▼

Comment
LYFT, INC

03/17/2021 Summons ▼

Served
03/12/2021

Anticipated Server
Private Process Server

Anticipated Method

Corporation

03/18/2021 Affidavit of Process Server ▼

    Comment
    Affidavit of Service - Lyft - DUPLICATE

03/18/2021 Summons ▼

Served
03/12/2021

Anticipated Server
Private Process Server

Anticipated Method
Corporation

04/09/2021 Stipulation ▼

    Comment
    Stipulation Extending time to Answer - Neutron Holdings, dba Lime

FILED IN OFFICE
CLERK OF STATE COUR
GWINNETT COUNTY, GEORG
21-C-01830-S

## General Civil Case Filing Information Form (Non-Domestic) 3/10/2021 11:01 AI

**Court**
☐ Superior
☑ State

**County** Gwinnett

**Date Filed** 21-C-01830-S4

**Docket #** _____

MM-DD-YYYY ~~Ivana P~~ CLERK OF STATE COUR

**Plaintiff(s)**
Coates, Dewitt

| Last | First | Middle I. | Suffix | Prefix | | Maiden |
|------|-------|-----------|--------|--------|---|--------|

| Last | First | Middle I. | Suffix | Prefix | | Maiden |
|------|-------|-----------|--------|--------|---|--------|

| Last | First | Middle I. | Suffix | Prefix | | Maiden |
|------|-------|-----------|--------|--------|---|--------|

| Last | First | Middle I. | Suffix | Prefix | | Maiden |
|------|-------|-----------|--------|--------|---|--------|

**No. of Plaintiffs** 1

**Defendant(s)**
Lyft, Inc

| Last | First | Middle I. | Suffix | Prefix | Maiden |
|------|-------|-----------|--------|--------|--------|

Neutron Holdings, Inc. d/b/a Lime

| Last | First | Middle I. | Suffix | Prefix | Maiden |
|------|-------|-----------|--------|--------|--------|

Segwat, inc. d/b/a Segway Ninebot

| Last | First | Middle I. | Suffix | Prefix | Maiden |
|------|-------|-----------|--------|--------|--------|

| Last | First | Middle I. | Suffix | Prefix | Maiden |
|------|-------|-----------|--------|--------|--------|

**No. of Defendants** 3

**Plaintiff/Petitioner's Attorney**   ☐ Pro Se

Golden, Kevin, N.

| Last | First | | Middle I. | Suffix |
|------|-------|---|-----------|--------|

**Bar #** 406770

### Check Primary Type (Check only ONE)

- ☐ Contract/Account
- ☐ Wills/Estate
- ☐ Real Property
- ☐ Dispossessory/Distress
- ☐ Personal Property
- ☐ Equity
- ☐ Habeas Corpus
- ☐ Appeals, Reviews
- ☐ Post Judgment Garnishment, Attachment, or Other Relief
- ☐ Non-Domestic Contempt
- ☑ Tort (If tort, fill in right column)
- ☐ Other General Civil Specify _____

### If Tort is Case Type:
(Check no more than **TWO**)

- ☐ Auto Accident
- ☐ Premises Liability
- ☐ Medical Malpractice
- ☐ Other Professional Negligence
- ☑ Product Liability
- ☐ Other Specify _____

**Are Punitive Damages Pleaded?** ☐ Yes ☑ No

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-01830-S4**
3/10/2021 11:01 AM

## IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

*Tiana P Garner*
CLERK OF STATE COURT

**DEWITT COATES**

Plaintiff,

v.

**LYFT, INC., NEUTRON HOLDINGS, INC.
d/b/a LIME, SEGWAY, INC. d/b/a
SEGWAY NINEBOT, ABC Corporation,
XYZ Corporation, and JOHN DOE 1-5,**

Defendants.

**CIVIL ACTION FILE
NO.: 21-C-01830-S4**

**JURY TRIAL DEMANDED**

### SUMMONS

LYFT, Inc
c/o C T Corporation System
289 S Culver Street,
Lawrenceville, Georgia 30046-4805

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiff's attorney, whose name and address is:

Kevin N. Golden, Esq.
725 Ponce De Leon Ave NE
Floor 2
Atlanta, GA 30306
(678) 459-5393
kgolden@kevingoldenlaw.com

An Answer to the Complaint, which is herewith served upon you, **within thirty (30) days** after service of this Summons, upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This 10th day of March, 2021.

**TIANA P GARNER**
Clerk of State Court

By: *Nichole Norton*
Deputy Clerk

CLERK OF STATE COUR
GWINNETT COUNTY, GEORG
**21-C-01830-S**
3/10/2021 11:01 AI

## IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

CLERK OF STATE COUR

| | |
|---|---|
| **DEWITT COATES** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION FILE**<br>**NO.: 21-C-01830-S4** |
| **LYFT, INC., NEUTRON HOLDINGS, INC.**<br>**d/b/a LIME, SEGWAY, INC. d/b/a**<br>**SEGWAY NINEBOT, ABC Corporation,**<br>**XYZ Corporation, and JOHN DOE 1-5,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

### SUMMONS

Neutron Holdings, Inc.
c/o C T Corporation System
289 S Culver Street,
Lawrenceville, Georgia 30046-4805

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiff's attorney, whose name and address is:

Kevin N. Golden, Esq.
725 Ponce De Leon Ave NE
Floor 2
Atlanta, GA 30306
(678) 459-5393
kgolden@kevingoldenlaw.com

An Answer to the Complaint, which is herewith served upon you, **within thirty (30) days** after service of this Summons, upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This 10ᵗʰ day of March, 2021.

**TIANA P GARNER**
Clerk of State Court

By: _____
Deputy Clerk

FILED IN OFFICE N
CLERK OF STATE COUR
GWINNETT COUNTY, GEORG
**21-C-01830-S**
3/10/2021 11:01 AI

*Tiana P Garner*
CLERK OF STATE COUR

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

**DEWITT COATES**

                    **Plaintiff,**

**v.**

**LYFT, INC., NEUTRON HOLDINGS, INC.
d/b/a LIME, SEGWAY, INC. d/b/a
SEGWAY NINEBOT, ABC Corporation,
XYZ Corporation, and JOHN DOE 1-5,**

                    **Defendants.**

**CIVIL ACTION FILE
NO.: 21-C-01830-S4**

**JURY TRIAL DEMANDED**

### SUMMONS

Segway, Inc.
c/o C T Corporation System
2 ½ Beacon Street
Concord, New Hampshire 03301.

TO THE ABOVE NAMED DEFENDANT:

        You are hereby summoned and required to file with the Clerk of said Court and serve
upon the Plaintiff's attorney, whose name and address is:

Kevin N. Golden, Esq.
725 Ponce De Leon Ave NE
Floor 2
Atlanta, GA 30306
(678) 459-5393
kgolden@kevingoldenlaw.com

        An Answer to the Complaint, which is herewith served upon you, **within thirty (30)
days** after service of this Summons, upon you, exclusive of the day of service.  If you fail to do
so, judgment by default will be taken against you for the relief demanded in the Complaint.

        This 10th day of March, 2021.

                            **TIANA P GARNER**
                            Clerk of State Court

                            By: *Nichole Norton*
                                Deputy Clerk

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-01830-S4**
3/10/2021 11:01 AM

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

*Tiana P. Garner*
CLERK OF STATE COURT

**DEWITT COATES**

        **Plaintiff,**

v.

**LYFT, INC., NEUTRON HOLDINGS, INC. d/b/a LIME, SEGWAY, INC. d/b/a SEGWAY NINEBOT, ABC Corporation, XYZ Corporation, and JOHN DOE 1-5,**

        **Defendants.**

**CIVIL ACTION FILE NO.:** 21-C-01830-S4

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW, Plaintiff Dewitt Coates, and files this Complaint for Damages against Lyft, Inc., Neutron Holdings, Inc. d/b/a Lime, Segway, Inc. d/b/a Segway Ninebot, ABC Corporation, XYZ Corporation, and Defendants John Doe 1-5 and respectfully shows this Honorable Court the following:

## PREAMBLE

On the evening of March 31, 2019, Dewitt Coates was the driver of a Lyft scooter ("Scooter" or "subject vehicle"), and was traveling on 1218 Huff Road NW in Atlanta, Georgia at approximately 6:36 p.m. As Mr. Coates approached a decline in the sidewalk, he began to apply the Scooter brakes to slow down. Unbeknownst to Mr. Coates, the brakes on the subject vehicle were not functioning. As a result of this malfunction, Mr. Coates was unable to stop the subject vehicle and collided with an electrical box on the sidewalk.

## PARTIES, JURISDICTION, VENUE & SERVICE OF PROCESS

1.

Plaintiff, Dewitt Coates (hereinafter "Plaintiff"), resides in Fulton County, Georgia and is subject to the jurisdiction and venue of this Court.

2.

Defendant Lyft, Inc. ("Lyft"), is a foreign corporation with its principal business at 185 Berry Street, Suite 5000, San Francisco, California 94107. Lyft does business in this state. Lyft owns and manages electric scooters that are operated in the United States and in Georgia. Lyft owned the Scooter that is the subject of this action.

3.

Defendant Lyft is subject to the jurisdiction of this Court because it transacts business in the state and maintains a registered agent in this state, regularly solicits business in this state, engages in persistent course of conduct in this state, and derives substantial revenue from goods used or consumed or services rendered in this state.

4.

Venue is proper in Gwinnett County as to Defendant Lyft pursuant to O.C.G.A. § 14-2-510(b)(1) because Lyft maintains a registered agent there.

5.

Defendant Lyft's registered agent in Georgia is C T Corporation System and may be served through its registered agent, C T Corporation System, 289 S Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805.

6.

On information and belief, the negligent and wrongful acts and omissions of the Defendant, including the design, manufacturing, and warning decisions related to the subject vehicle, were committed and/or omitted by Defendant Lyft.

Page - **2** - of **30**

7.

Defendant Neutron Holdings, Inc. d/b/a Lime ("Lime"), is a foreign corporation with its principal business at 85 2nd Street, 1st Floor, San Francisco, California 94105. Lime does business in this state. Lime owns and manages electric scooters that are operated in the United States and in Georgia. Lime owned the Scooter that is the subject of this action.

8.

Defendant Lime is subject to the jurisdiction of this Court because it transacts business in the state and maintains a registered agent in this state, regularly solicits business in this state, engages in persistent course of conduct in this state, and derives substantial revenue from goods used or consumed or services rendered in this state.

9.

Venue is proper in Gwinnett County as to Defendant Lime pursuant to O.C.G.A. § 14-2-510(b)(1) because Lime maintains a registered agent there.

10.

Defendant Lime's registered agent in Georgia is C T Corporation System and may be served through its registered agent, C T Corporation System, 289 S Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805.

11.

On information and belief, the negligent and wrongful acts and omissions of the Defendant, including the design, manufacturing, and warning decisions related to the subject vehicle, were committed and/or omitted by Defendant Lime.

12.

Defendant Segway, Inc. d/b/a Segway Ninebot ("Segway"), is a foreign corporation with its principal business at 14 Technology Drive, Bedford, New Hampshire 03110.  Segway does business in this state. Segway owns and manages electric scooters that are operated in the United States and in Georgia. Segway owned the Scooter that is the subject of this action.

13.

Defendant Segway is subject to the jurisdiction of this Court because it transacts business in the state, regularly solicits business in this state, engages in persistent course of conduct in this state, and derives substantial revenue from goods used or consumed or services rendered in this state.

14.

Venue is proper in Gwinnett County as to Defendant Segway because it is a joint tortfeasor with Defendant Lyft, which is deemed to reside in Gwinnett County under O.C.G.A. § 14-2-510(b)(1).

15.

Defendant Segway's registered agent is C T Corporation System and may be served through its registered agent, C T Corporation System, 2 ½ Beacon Street, Concord, New Hampshire 03301.

16.

On information and belief, the negligent and wrongful acts and omissions of the Defendant, including the design, manufacturing, and warning decisions related to the subject vehicle, were committed and/or omitted by Defendant Segway.

17.

The true name of the Defendant ABC Corporation is unknown to Plaintiff. Therefore, Plaintiff sues this Defendant by its fictitious names. Plaintiff will amend his Complaint to identify the true name of the ABC Corporation when the name has been ascertained. Plaintiff alleges upon information and belief that ABC Corporation is an additional supplier of defective components of the defective brake system, who is currently unknown because Defendant Lyft has refused to identify them. Said Defendant is subject to this Court's jurisdiction because they transact business in this state, regularly do and solicit business in this state, engage in persistent course of conduct in this state, and derive substantial revenue from goods used or consumed or services rendered in this state. Venue is proper as to the ABC Corporation Defendant in Gwinnett County because they are joint tortfeasors with Defendant Lyft, which is deemed to reside in Gwinnett County under O.C.G.A. § 14-2-510(b)(1).

18.

The true name of the Defendant XYZ Corporation is unknown to Plaintiff. Therefore, Plaintiff sues this Defendant by its fictitious names. Plaintiff will amend his Complaint to identify the true name of the XYZ Corporation when the name has been ascertained. Plaintiff alleges upon information and belief that XYZ Corporation is an additional supplier of defective components of the defective brake system, who is currently unknown because Defendant Lyft has refused to identify them. Said Defendant is subject to this Court's jurisdiction because they transact business in this state, regularly do and solicit business in this state, engage in persistent course of conduct in this state, and derive substantial revenue from goods used or consumed or services rendered in this state. Venue is proper as to the XYZ Corporation Defendant in Gwinnett County because they

are joint tortfeasors with Defendant Lyft, which is deemed to reside in Gwinnett County under O.C.G.A. § 14-2-510(b)(1).

19.

The true name(s) of the Defendant(s) John Does 1-5 are unknown to Plaintiff. Therefore, Plaintiff sues these Defendant(s) by its fictitious names. Plaintiff will amend his Complaint to identify the true name of the John Doe Defendant(s) when the name(s) has been ascertained. Plaintiff alleges upon information and belief that John Doe 1-5 are additional suppliers of defective components of the defective brake system, who are currently unknown because Defendant Lyft has refused to identify them. Said Defendants are subject to this Court's jurisdiction because they transact business in this state, regularly do and solicit business in this state, engage in persistent course of conduct in this state, and derive substantial revenue from goods used or consumed or services rendered in this state. Venue is proper as to the John Doe Defendants in Gwinnett County because they are joint tortfeasors with Defendant Lyft, which is deemed to reside in Gwinnett County under O.C.G.A. § 14-2-510(b)(1).

20.

This action is not removable to federal court, as Plaintiff asserts no federal claim or cause of action and diversity of citizenship does not exist because (a) Plaintiff and one or more Defendants are citizens of the same state and (b) one or more Defendants are citizens of the forum State of Georgia.

21.

Venue is proper in this Court.

22.

Defendants have been properly served with process in this action.

## FACTS

23.

On the evening of March 31, 2019, Dewitt Coates was riding a Lyft Scooter and traveling down 1218 Huff Road NW in Atlanta, Georgia.

24.

At all times relevant, Plaintiff was properly using the Scooter.

25.

Plaintiff attempted to slow down as the Scooter began to accelerate down the sidewalk.

26.

Plaintiff continued to accelerate towards an electrical box on the sidewalk.

27.

Because the brakes failed to engage, Plaintiff collided with the electrical box and Plaintiff's head and face slammed into the electrical box on the sidewalk.

28.

The Scooter's brakes were defective.

29.

Specific components of the Scooter brake system were defective including the sensors, hardware, and software, among others.

30.

As a direct and proximate result of the defects noted above, Plaintiff suffered personal injuries and pain and suffering.

31.

Defendant Lyft designed, marketed, distributed, managed, and placed into the stream of commerce the subject vehicle. Defendant Lyft is liable for all the defects, including but not limited to the defective brake system on the Scooter that caused or contributed to causing Plaintiff's injuries.

32.

Defendant Lime designed, tested, manufactured, marketed, distributed, sold, and placed into the stream of commerce certain component parts of the brake system installed in the subject vehicle. Defendant Lime is liable for all the defective component parts in the subject vehicle's defective brake system that caused or contributed to Plaintiff's injuries.

33.

Defendant Segway designed, tested, manufactured, marketed, distributed, sold, and placed into the stream of commerce certain component parts of the brake system installed in the subject vehicle. Defendant Segway is liable for all the defective component parts in the subject vehicle's defective brake system that caused or contributed to Plaintiff's injuries.

34.

Defendant ABC Corporation designed, tested, manufactured, marketed, distributed, sold, and placed into the stream of commerce certain component parts of the brake system installed in the subject vehicle. Defendant ABC Corporation is liable for all the defective component parts in the subject vehicle's defective brake system that caused or contributed to Plaintiff's injuries.

35.

Defendant XYZ Corporation designed, tested, manufactured, marketed, distributed, sold, and placed into the stream of commerce certain component parts of the brake system installed in

the subject vehicle. Defendant XYZ Corporation is liable for all the defective component parts in the subject vehicle's defective brake system that caused or contributed to Plaintiff's injuries.

36.

John Doe Defendants designed, tested, manufactured, marketed, distributed, sold, and placed into the stream of commerce certain component parts of the brake system installed in the subject vehicle. The John Doe Defendants are each liable for all the defective component parts in the subject vehicle's defective brake system that caused or contributed to Plaintiff's injuries.

37.

The subject vehicle, and more specifically the brake system, was defective, unreasonably dangerous, and not fit for its ordinary use when manufactured and at the time of the subject wreck because (a) Defendant Lyft chose components and/or designs for the brake system, that were not reasonable but were instead unreasonably dangerous, (b) the risks of those components and/or designs outweighed their utility, and (c) other alternative components and/or designs that were safer, feasible, and were available, would have prevented these injuries, but were not chosen and used by Defendant Lyft.

38.

The subject vehicle, and more specifically the brake system, was defective unreasonably dangerous, and not fit for its ordinary use when manufactured and at the time of the subject wreck because (a) John Doe Defendant built and sold to Lyft designs and/or component parts of the brake system that were not reasonable but were instead unreasonable dangerous, (b) the risks of those components and/or designs outweighed their utility, and (c) other alternative components and/or designs that were safer, feasible, and were available and would have prevented these injuries, but were not provided to and sold to Defendant Lyft by the John Doe Defendants.

Page - 9 - of 30

39.

Defendant Lyft was negligent in designing, building, using, and/or selling the subject vehicle with the defective brake system, including all component parts, which Defendant Lyft caused to be installed in the subject vehicle.

40.

Defendant Lime was negligent in designing, building, using, and/or selling defective component parts of the brake system sold to Defendant Lyft.

41.

Defendant Segway was negligent in designing, building, using, and/or selling defective component parts of the brake system sold to Defendant Lyft.

·42.

Defendant ABC Corporation was negligent in designing, building, using, and/or selling defective component parts of the brake system sold to Defendant Lyft.

43.

Defendant XYZ Corporation was negligent in designing, building, using, and/or selling defective component parts of the brake system sold to Defendant Lyft.

44.

The John Doe Defendants were negligent in designing, building, using, and/or selling defective component parts of the brake system sold to Defendant Lyft.

45.

The injuries of Plaintiff were proximately caused by the aforesaid negligence of Defendants and by the aforesaid defective designs and/or components for which Defendant Lyft is responsible.

46.

Defendant Lyft could and did reasonably foresee the occurrence of collisions such as the one described in this Complaint.

47.

The acts and omissions of all Defendants combined to proximately cause the injuries to Plaintiff. Accordingly, all Defendants are liable for Plaintiff's injuries and damages.

## COUNT ONE

(Strict Product Liability of Defendant Lyft)

48.

Plaintiff incorporated the preceding allegations as if fully set forth herein.

49.

Defendant Lyft is strictly liable to Plaintiff under O.C.G.A. § 51-1-11 and other applicable law for the injuries suffered by Plaintiff because the risks inherent in the design and components of the brake system in the Scooter outweighed any utility of the chosen design and/or components, thereby rendering the vehicle defective, unreasonably dangerous, and not reasonably suited to the use for which it was intended. The defects in the subject vehicle's brake system include, but are not limited to, the following:

1) The brake system in the subject vehicle was designed and either manufactured by Defendant Lyft or by Defendant Lyft's suppliers according to Defendant Lyft's

specifications in such a manner that it failed to properly engage and protect Plaintiff from serious injury during the subject collision.

2) The subject vehicle was not adequately tested by Defendant Lyft to determine whether prospective owners, users and occupants of it would be exposed to an unreasonable risk of physical harm during collisions in foreseeable impacts because of the design and/or components of the brake system in the subject vehicle.

3) Defendant Lyft knew, or should have known, from the testing that was performed on the subject vehicle and other vehicles with the same or similar brake system that this system could fail to function properly when engaged.

50.

The subject vehicle, its brake system, and component parts was otherwise defectively designed and/or manufactured by Defendant Lyft.

51.

Defendant Lyft failed to warn consumers and users, including Plaintiff, of the substantial risks and hazards posed by the subject vehicle, including the risk that the user's brake system would not function properly and fail to engage such as the subject collision.

52.

Defendant Lyft is liable for the injuries and damages suffered by Plaintiff.

**COUNT TWO**

(Negligence of Defendant Lyft)

53.

Plaintiff incorporates the preceding allegations as if fully set forth herein.

54.

Defendant Lyft, as a product designer and manufacturer, owed a duty to the consuming public in general, and Plaintiff in particular, to exercise reasonable care to design, test, manufacture, inspect, market, distribute, and recall and/or repair a product so as to make it free of unreasonable risk of harm to owners, users, and occupants in foreseeable situations.

55.

At the time Defendant Lyft manufactured, marketed, distributed and sold the subject vehicle Defendant Lyft could reasonably have foreseen and did, in fact, foresee the occurrence of a collision such as the one described in this Complaint.

56.

The acts and/or omissions of Defendant Lyft constitute negligence *per se*.

57.

Defendant Lyft had actual or constructive knowledge of the substantial risks and hazards posed by the subject vehicle, including the risks described herein above, wherein the brake system fails to engage thereby creating a risk of serious injury or death to those using the vehicle.

58.

Defendant Lyft knew or should have known that the brake system on the Scooter was defective and presented an unsafe condition for drivers.

59.

Defendant Lyft had a duty to disclose to consumers and users, including Plaintiff, of the risks and hazards posed by the foreseeable use of the subject vehicle, as described herein.

60.

Defendant Lyft breached its duty to exercise reasonable care as described in the paragraphs set forth above.

61.

Defendant Lyft was otherwise negligent.

62.

Defendant Lyft's negligence, along with the acts and omissions of the other Defendants, proximately caused Plaintiff's injuries and damages.

## COUNT THREE

(Strict Liability of Defendant Lime)

63.

Plaintiff incorporates the preceding allegations as if fully set forth herein.

64.

Defendant Lime, who upon information and belief are suppliers of defective components in the subject vehicles brake system, are strictly liable to Plaintiff under O.C.G.A. § 51-1-11 and other applicable law for the injuries suffered by Plaintiff because the risks inherent in the design and components of the brake system in the Scooter outweighed any utility of the chosen design, thereby rendering the vehicle defective, unreasonably dangerous, and not reasonably suited to the use for which it was intended.

65.

Defendant Lime failed to warn consumers and users, including Plaintiff, of the substantial risks and hazards posed by the components provided and installed in the subject vehicle, including

the risk that the brake system would not function properly and fail to engage if involved in a collision such as the subject collision.

66.

Defendant Lime is liable to Plaintiff for failing to adequately warn Plaintiff of the risks, dangers and defects associated with the components provided and installed in the subject vehicle.

67.

The defects of the brake system caused the injuries, damages and losses that Plaintiff suffered.

68.

Defendant is liable for the injuries and damages suffered by Plaintiff.

## COUNT FOUR

(Negligence of Defendant Lime)

69.

Plaintiff incorporates the preceding allegations as if fully set forth herein.

70.

Defendant Lime, as product designers and manufactures, owed a duty to the consuming public in general, and Plaintiff in particular to exercise reasonable care to design, test, manufacture, inspect, market, distribute and recall and/or repair a product so as to make it free of unreasonable risk of harm to owners, users, and occupants in foreseeable situations.

71.

At the time Defendant Lime manufactured, marketed, distributed, and sold the brake system and/or its component parts to be installed in the Scooter, they could reasonably have

foreseen and did, in fact, foresee the occurrence of collisions such as the one described in this Complaint.

72.

The acts and/or omissions of Defendant Lime constitute negligence *per se*.

73.

Defendant Lime had actual or constructive knowledge of the substantial risks and hazards posed by the subject vehicle, including the risks described herein above, wherein the driver's brake system fails to engage thereby creating a risk of serious injury or death to those using the vehicle.

74.

Defendant Lime knew or should have known that the brake system in the subject vehicle was defective and presented an unsafe condition for drivers.

75.

Defendant Lime had a duty to disclose to consumers and users, including Plaintiff, of the risks and hazards posed by the foreseeable use of the subject vehicle, as described herein.

76.

Defendant Lime breached their duty to exercise reasonable care as described in the paragraphs set forth above.

77.

Defendant Lime was otherwise negligent.

78.

Defendant Lime's negligence, along with the acts and omissions of the other Defendants, proximately caused Plaintiff's injuries and damages.

79.

Defendant is liable for the injuries and damages suffered by Plaintiff.

## COUNT FIVE

(Strict Liability of Defendant Segway)

80.

Plaintiff incorporates the preceding allegations as if fully set forth herein.

81.

Defendant Segway, who upon information and belief are suppliers of defective components in the subject vehicles brake system, are strictly liable to Plaintiff under O.C.G.A. § 51-1-11 and other applicable law for the injuries suffered by Plaintiff because the risks inherent in the design and components of the brake system in the Scooter outweighed any utility of the chosen design, thereby rendering the vehicle defective, unreasonably dangerous, and not reasonably suited to the use for which it was intended.

82.

Defendant Segway failed to warn consumers and users, including Plaintiff, of the substantial risks and hazards posed by the components provided and installed in the subject vehicle, including the risk that the brake system would not function properly and fail to engage if involved in a collision such as the subject collision.

83.

Defendant Segway is liable to Plaintiff for failing to adequately warn Plaintiff of the risks, dangers and defects associated with the components provided and installed in the subject vehicle.

84.

The defects of the brake system caused the injuries, damages and losses that Plaintiff suffered.

85.

Defendant is liable for the injuries and damages suffered by Plaintiff.

## COUNT SIX

(Negligence of Defendant Segway)

86.

Plaintiff incorporates the preceding allegations as if fully set forth herein.

87.

Defendant Segway, as product designers and manufactures, owed a duty to the consuming public in general, and Plaintiff in particular to exercise reasonable care to design, test, manufacture, inspect, market, distribute and recall and/or repair a product so as to make it free of unreasonable risk of harm to owners, users, and occupants in foreseeable situations.

88.

At the time Defendant Segway manufactured, marketed, distributed, and sold the brake system and/or its component parts to be installed in the Scooter, they could reasonably have foreseen and did, in fact, foresee the occurrence of collisions such as the one described in this Complaint.

89.

The acts and/or omissions of Defendant Segway constitute negligence *per se*.

90.

Defendant Segway had actual or constructive knowledge of the substantial risks and hazards posed by the subject vehicle, including the risks described herein above, wherein the driver's brake system fails to engage thereby creating a risk of serious injury or death to those using the vehicle.

91.

Defendant Segway knew or should have known that the brake system in the subject vehicle was defective and presented an unsafe condition for drivers.

92.

Defendant Segway had a duty to disclose to consumers and users, including Plaintiff, of the risks and hazards posed by the foreseeable use of the subject vehicle, as described herein.

93.

Defendant Segway breached their duty to exercise reasonable care as described in the paragraphs set forth above.

94.

Defendant Segway was otherwise negligent.

95.

Defendant Segway's negligence, along with the acts and omissions of the other Defendants, proximately caused Plaintiff's injuries and damages.

96.

Defendant is liable for the injuries and damages suffered by Plaintiff.

**COUNT SEVEN**

(Strict Liability of Defendant ABC Corporation)

97.

Plaintiff incorporates the preceding allegations as if fully set forth herein.

98.

Defendant ABC Corporation, who upon information and belief are suppliers of defective components in the subject vehicles brake system, are strictly liable to Plaintiff under O.C.G.A. § 51-1-11 and other applicable law for the injuries suffered by Plaintiff because the risks inherent in the design and components of the brake system in the Scooter outweighed any utility of the chosen design, thereby rendering the vehicle defective, unreasonably dangerous, and not reasonably suited to the use for which it was intended.

99.

Defendant ABC Corporation failed to warn consumers and users, including Plaintiff, of the substantial risks and hazards posed by the components provided and installed in the subject vehicle, including the risk that the brake system would not function properly and fail to engage if involved in a collision such as the subject collision.

100.

Defendant ABC Corporation is liable to Plaintiff for failing to adequately warn Plaintiff of the risks, dangers and defects associated with the components provided and installed in the subject vehicle.

101.

The defects of the brake system caused the injuries, damages and losses that Plaintiff suffered.

102.

Defendant is liable for the injuries and damages suffered by Plaintiff.

## COUNT EIGHT

(Negligence of Defendant ABC Corporation)

103.

Plaintiff incorporates the preceding allegations as if fully set forth herein.

104.

Defendant ABC Corporation, as product designers and manufactures, owed a duty to the consuming public in general, and Plaintiff in particular to exercise reasonable care to design, test, manufacture, inspect, market, distribute and recall and/or repair a product so as to make it free of unreasonable risk of harm to owners, users, and occupants in foreseeable situations.

105.

At the time Defendant ABC Corporation manufactured, marketed, distributed, and sold the brake system and/or its component parts to be installed in the Scooter, they could reasonably have foreseen and did, in fact, foresee the occurrence of collisions such as the one described in this Complaint.

106.

The acts and/or omissions of Defendant ABC Corporation constitute negligence *per se*.

107.

Defendant ABC Corporation had actual or constructive knowledge of the substantial risks and hazards posed by the subject vehicle, including the risks described herein above, wherein the driver's brake system fails to engage thereby creating a risk of serious injury or death to those using the vehicle.

108.

Defendant ABC Corporation knew or should have known that the brake system in the subject vehicle was defective and presented an unsafe condition for drivers.

109.

Defendant ABC Corporation had a duty to disclose to consumers and users, including Plaintiff, of the risks and hazards posed by the foreseeable use of the subject vehicle, as described herein.

110.

Defendant ABC Corporation breached their duty to exercise reasonable care as described in the paragraphs set forth above.

111.

Defendant ABC Corporation was otherwise negligent.

112.

Defendant ABC Corporation's negligence, along with the acts and omissions of the other Defendants, proximately caused Plaintiff's injuries and damages.

113.

Defendant is liable for the injuries and damages suffered by Plaintiff.

## COUNT NINE

(Strict Liability of Defendant XYZ Corporation)

114.

Plaintiff incorporates the preceding allegations as if fully set forth herein.

115.

Defendant XYZ Corporation, who upon information and belief are suppliers of defective components in the subject vehicles brake system, are strictly liable to Plaintiff under O.C.G.A. § 51-1-11 and other applicable law for the injuries suffered by Plaintiff because the risks inherent in the design and components of the brake system in the Scooter outweighed any utility of the chosen design, thereby rendering the vehicle defective, unreasonably dangerous, and not reasonably suited to the use for which it was intended.

116.

Defendant XYZ Corporation failed to warn consumers and users, including Plaintiff, of the substantial risks and hazards posed by the components provided and installed in the subject vehicle, including the risk that the brake system would not function properly and fail to engage if involved in a collision such as the subject collision.

117.

Defendant XYZ Corporation is liable to Plaintiff for failing to adequately warn Plaintiff of the risks, dangers and defects associated with the components provided and installed in the subject vehicle.

118.

The defects of the brake system caused the injuries, damages and losses that Plaintiff suffered.

119.

Defendant is liable for the injuries and damages suffered by Plaintiff.

**COUNT TEN**

(Negligence of Defendant XYZ Corporation)

120.

Plaintiff incorporates the preceding allegations as if fully set forth herein.

121.

Defendant XYZ Corporation, as product designers and manufactures, owed a duty to the consuming public in general, and Plaintiff in particular to exercise reasonable care to design, test, manufacture, inspect, market, distribute and recall and/or repair a product so as to make it free of unreasonable risk of harm to owners, users, and occupants in foreseeable situations.

122.

At the time Defendant XYZ Corporation manufactured, marketed, distributed, and sold the brake system and/or its component parts to be installed in the Scooter, they could reasonably have foreseen and did, in fact, foresee the occurrence of collisions such as the one described in this Complaint.

123.

The acts and/or omissions of Defendant XYZ Corporation constitute negligence *per se*.

124.

Defendant XYZ Corporation had actual or constructive knowledge of the substantial risks and hazards posed by the subject vehicle, including the risks described herein above, wherein the driver's brake system fails to engage thereby creating a risk of serious injury or death to those using the vehicle.

125.

Defendant XYZ Corporation knew or should have known that the brake system in the subject vehicle was defective and presented an unsafe condition for drivers.

126.

Defendant XYZ Corporation had a duty to disclose to consumers and users, including Plaintiff, of the risks and hazards posed by the foreseeable use of the subject vehicle, as described herein.

127.

Defendant XYZ Corporation breached their duty to exercise reasonable care as described in the paragraphs set forth above.

128.

Defendant XYZ Corporation was otherwise negligent.

129.

Defendant XYZ Corporation's negligence, along with the acts and omissions of the other Defendants, proximately caused Plaintiff's injuries and damages.

130.

Defendant is liable for the injuries and damages suffered by Plaintiff.

**COUNT ELEVEN**

(Strict Liability of the John Doe Defendants 1-5)

131.

Plaintiff incorporates the preceding allegations as if fully set forth herein.

132.

The John Doe Defendants, who upon information and belief are suppliers of defective components in the subject vehicles brake system, are strictly liable to Plaintiff under O.C.G.A. § 51-1-11 and other applicable law for the injuries suffered by Plaintiff because the risks inherent in the design and components of the brake system in the Scooter outweighed any utility of the chosen

design, thereby rendering the vehicle defective, unreasonably dangerous, and not reasonably suited to the use for which it was intended.

133.

John Doe Defendants failed to warn consumers and users, including Plaintiff, of the substantial risks and hazards posed by the components provided and installed in the subject vehicle, including the risk that the brake system would not function properly and fail to engage if involved in a collision such as the subject collision.

134.

John Doe Defendants are liable to Plaintiff for failing to adequately warn Plaintiff of the risks, dangers and defects associated with the components provided and installed in the subject vehicle.

135.

The defects of the brake system caused the injuries, damages and losses that Plaintiff suffered.

136.

Defendants are liable for the injuries and damages suffered by Plaintiff.

## COUNT TWELVE

(Negligence of the John Doe Defendants 1-5)

137.

Plaintiff incorporates the preceding allegations as if fully set forth herein.

138.

The John Doe Defendants, as product designers and manufactures, owed a duty to the consuming public in general, and Plaintiff in particular to exercise reasonable care to design, test,

manufacture, inspect, market, distribute and recall and/or repair a product so as to make it free of unreasonable risk of harm to owners, users, and occupants in foreseeable situations.

139.

At the time the John Doe Defendants manufactured, marketed, distributed, and sold the brake system and/or its component parts to be installed in the Scooter, they could reasonably have foreseen and did, in fact, foresee the occurrence of collisions such as the one described in this Complaint.

140.

The acts and/or omissions of John Doe Defendants constitute negligence per se.

141.

John Doe Defendants had actual or constructive knowledge of the substantial risks and hazards posed by the subject vehicle, including the risks described herein above, wherein the driver's brake system fails to engage thereby creating a risk of serious injury or death to those using the vehicle.

142.

John Doe Defendants knew or should have known that the brake system in the subject vehicle was defective and presented an unsafe condition for drivers.

143.

The John Doe Defendants had a duty to disclose to consumers and users, including Plaintiff, of the risks and hazards posed by the foreseeable use of the subject vehicle, as described herein.

144.

The John Doe Defendants breached their duty to exercise reasonable care as described in the paragraphs set forth above.

145.

John Doe Defendants were otherwise negligent.

146.

John Doe Defendants' negligence, along with the acts and omissions of the other Defendants, proximately caused Plaintiff's injuries and damages.

147.

Defendants are liable for the injuries and damages suffered by Plaintiff.

**DAMAGES & PRAYER FOR RELIEF**

148.

Plaintiff incorporates the preceding allegations as if fully set forth herein.

149.

As a direct result of the defectively designed brake system of the Scooter, Defendant Lyft's and John Doe Defendants' negligence and failures to remedy or recall those designs and/or components, Plaintiff suffered pain and suffering.

150.

Defendant Lyft and John Doe Defendants are strictly liable for the injuries of Plaintiff.

151.

Defendants' negligence and wrongful conduct as described was the direct and proximate cause of Plaintiff's injuries.

152.

Plaintiff also claims special damages for all medical expenses incurred on behalf of Plaintiff in an amount, which reflects the reasonable value of those services as established by the evidence at trial.

153.

Plaintiff seeks damages from Defendants to recover all elements of damages allowed by law for the claims alleged in this Complaint against Defendants.

WHEREFORE, Plaintiff prays for the following:

(a)     That process and summons issue as provided by law, requiring the Defendants to appear as provided by law to answer this Complaint;

(b)     That each Defendant be timely served with process as provided by law;

(c)     That Plaintiff has a trial by jury on all issues and claims;

(d)     That the Court award and enter a judgment in favor of Plaintiff, awarding all damages and other expenses, to which they are entitled under Georgia law;

(e)     That all costs be case against the Defendants; and

(f)     For such other and further relief as the Court shall deem just and appropriate.

Respectfully submitted this 10th day of March, 2021.

/s/ Kevin N. Golden
Kevin N. Golden
Georgia Bar No. 406770
Attorney for Plaintiff

725 Ponce De Leon Ave NE

Floor 2
Atlanta, GA 30306
(678) 459-5393
kgolden@kevingoldenlaw.com

FILED IN OFFICE  
CLERK OF STATE COURT  
GWINNETT COUNTY, GEORGIA  
**21-C-01830-S4**  
**3/16/2021 3:31 PM**  
TIANA P. GARNER

## AFFIDAVIT OF SERVICE

State of Georgia                    County of Gwinnett                    **State Court**

Case Number: 21-C-01830-S4

Plaintiff:  
**Dewitt Coates**  
vs.  
Defendant:  
**Lyft, Inc.,**  
**Neutron Holdings, Inc. d/b/a Lime ,**  
**Segway, Inc. d/b/a Segway Ninebot,**  
**ABC Corporation,**  
**XYZ Corporation,**  
**and John Doe 1-5**

For: Kevin Golden  
       Kevin N. Golden

Received by Ancillary Legal Corporation on the 11th day of March, 2021 at 3:43 pm to be served on Segway, Inc. c/o CT Corporation System, registered agent, 2 ½ Beacon Street, Concord, NH 03301. I, _Kristin Nason_ , being duly sworn, depose and say that on the _12_ day of _March_ , 20 _21_ at _3:38_ pm., executed service by delivering a true copy of the **Summons, Complaint** in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as _____ of the within-named agency.

( ) SUBSTITUTE SERVICE: By serving _____ as _____

(✓) CORPORATE SERVICE: By serving _Laurie Willmott_ as _CT Representative_ .

( ) OTHER SERVICE: As described in the Comments below by serving _____ as _____ .

( ) NON SERVICE: For the reason detailed in the Comments below.

Age _60_ SEX M (F) Race _Whte_   Height _5'6"_   Weight _190 lbs_ Hair _White_   Glasses (Y) N

COMMENTS: _____
_____
_____
_____

## AFFIDAVIT OF SERVICE For 21-C-01830-S4

I certify that I have no interest in the above action, am of legal age and have proper authority in the
jurisdiction in which this service was made.

Subscribed and Sworn to before me on the __16__
day of __March__, __2021__ by the affiant who
is personally known to me.

NOTARY PUBLIC

THOMAS VAUGHAN, Justice of the Peace
State of New Hampshire
My Commission Expires March 7, 2023

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: 2021002816
Ref: Coates

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1t

# AFFIDAVIT OF SERVICE

State of Georgia                    County of Gwinnett                    State Court

Case Number: 21-C-01830-S4

Plaintiff:
**Dewitt Coates**

vs.

Defendant:
**Lyft, Inc.,**
**Neutron Holdings, Inc. d/b/a Lime ,**
**Segway, Inc. d/b/a Segway Ninebot,**
**ABC Corporation,**
**XYZ Corporation,**
**and John Doe 1-5**

For:
Kevin Golden
Kevin N. Golden
725 Ponce De Leon Ave NE
Floor 2
Atlanta, GA 30306

Received by Ancillary Legal Corporation on the 11th day of March, 2021 at 3:43 pm to be served on LYFT, **Inc. c/o C.T. Corporation System, registered agent, 289 S. Culver St., Lawrenceville, GA 30046-4805.**

I, Christopher Todd Horton, being duly sworn, depose and say that on the **12th day of March, 2021 at 2:05 pm, I:**

served **LYFT, Inc. c/o C.T. Corporation System, registered agent** by delivering a true copy of the **Summons, Complaint** to: C.T. Corporation System as **Registered Agent, BY LEAVING THE SAME WITH** Linda Banks as **Authorized to Accept** at the address of: **289 S. Culver St, Lawrenceville, GA 30046**.

**Additional Information pertaining to this Service:**
3/12/2021  2:05 pm  Perfected corporate service at 289 S. Culver Street, Lawrenceville, GA 30046, by serving Linda Banks, process specialist.

White female
, gray hair,
60-65 years old,
5'4", 140 lbs, wears glasses.

## AFFIDAVIT OF SERVICE For 21-C-01830-S4

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true.I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and am authorized to serve process.

OFFICIAL SEAL
Thomas J Diggins
NOTARY PUBLIC-GEORGIA
Gwinnett County COUNTY
My Comm. Expires February 8th, 2025

**Christopher Todd Horton**
Process Server

Subscribed and Sworn to before me on the 15th
day of March, 2021 by the affiant
who is personally known to me.

NOTARY PUBLIC

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: ANC-2021002814
Ref: Coates

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1t

CLERK OF STATE COUR
GWINNETT COUNTY, GEORG
**21-C-01830-S**
**3/18/2021 1:47 PI**
TIANA P. GARNE

# AFFIDAVIT OF SERVICE

State of Georgia                County of Gwinnett                State Court

Case Number: 21-C-01830-S4

Plaintiff:
**Dewitt Coates**

vs.

Defendant:
**Lyft, Inc.,**
**Neutron Holdings, Inc. d/b/a Lime ,**
**Segway, Inc. d/b/a Segway Ninebot,**
**ABC Corporation,**
**XYZ Corporation,**
**and John Doe 1-5**

For:
Kevin Golden
Kevin N. Golden
725 Ponce De Leon Ave NE
Floor 2
Atlanta, GA 30306

Received by Ancillary Legal Corporation on the 11th day of March, 2021 at 3:43 pm to be served on **LYFT, Inc. c/o C.T. Corporation System, registered agent, 289 S. Culver St., Lawrenceville, GA 30046-4805**.

I, Christopher Todd Horton, being duly sworn, depose and say that on the **12th day of March, 2021** at **2:05 pm**, I:

served **LYFT, Inc. c/o C.T. Corporation System, registered agent** by delivering a true copy of the **Summons, Complaint** to: C.T. Corporation System as **Registered Agent, BY LEAVING THE SAME WITH** Linda Banks as **Authorized to Accept** at the address of: **289 S. Culver St, Lawrenceville, GA 30046**.

**Additional Information pertaining to this Service:**
3/12/2021  2:05 pm  Perfected corporate service at 289 S. Culver Street, Lawrenceville, GA 30046, by serving Linda Banks, process specialist.

White female
, gray hair,
60-65 years old,
5'4", 140 lbs, wears glasses.

## AFFIDAVIT OF SERVICE For 21-C-01830-S4

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true.I have no interest in the outcome of this action and am not related to any of  the parties. I am 18 or more years of age and am authorized to serve process.

OFFICIAL SEAL
Thomas J Diggins
NOTARY PUBLIC-GEORGIA
Gwinnett County COUNTY
My Comm. Expires February 8th, 2025

Subscribed and Sworn to before me on the 19th
day of ___March___, ___2021___ by the affiant
who is personally known to me.

_____
NOTARY PUBLIC

**Christopher Todd Horton**
Process Server

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: ANC-2021002814
Ref: Coates

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1t

CLERK OF STATE COUR
GWINNETT COUNTY, GEORG
**21-C-01830-S**
**4/9/2021 9:00 AI**
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

DEWITT COATES,                                )
                                              )
      Plaintiff,                       )
                                              )       Civil Action File
vs.                                           )       No. 21-C-01830-S4
                                              )
LYFT, INC., NEUTRON HOLDINGS,                 )
INC. d/b/a LIME, SEGWAY, INC. d/b/a           )
SEGWAY NINEBOT, ABC                           )
Corporation, XYZ Corporation, and             )
JOHN DOE 1-5,                                 )
                                              )
      Defendants.                      )


### STIPULATION EXTENDING TIME TO ANSWER AND RESPOND TO DISCOVERY

Plaintiff, by and through counsel, hereby agrees and stipulates that the time for defendant

Neutron Holdings, Inc. d/b/a Lime to answer plaintiff's complaint and to respond to plaintiff's

request for admissions, interrogatories, and requests for productions of documents is extended to

and through May 11, 2021.

This 9<u>th</u> day of April, 2021.


                           /s/ Kevin Golden
                           Kevin N. Golden
                           (State Bar No. 406770)
                           Attorney for Plaintiff

725 Ponce De Leon Ave, NE
Floor 2
Atlanta, GA  30306
678-459-5393
kgolden@kevingoldenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2021, I electronically filed the foregoing PLEADING

with the Clerk of the Court using an O.C.G.A. § 15-6-11 electronic filing service provider which

will automatically send e-mail notification of such filing to the following attorney(s) of record:

> Kevin N. Golden, Esq.
> 725 Ponce De Leon Ave. NE
> Floor 2
> Atlanta, GA  30306

This 9th day of April, 2021.

> WALDON ADELMAN CASTILLA
> HIESTAND & PROUT
>
> _____
> Rakhi D. McNeill
> (State Bar No. 601029)
> Attorneys for Defendant

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia  30339
(770) 953-1710
rmcneill@wachp.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DEWITT COATES,<br><br>                          Plaintiff,<br><br>v.<br><br>LYFT, INC., NEUTRON HOLDINGS, INC.<br>d/b/a LIME, SEGWAY, INC. d/b/a<br>SEGWAY NINEBOT, ABC Corporation,<br>XYZ Corporation, and JOHN DOE 1-5,<br><br>                        Defendants. | CIVIL ACTION FILE NO.:<br>21-C-01830-S4 |

## ANSWER AND AFFIRMATIVE DEFENSES OF LYFT, INC.

**NOW COMES** Defendant Lyft, Inc. ("Defendant") and files its Answer and Affirmative Defenses to Plaintiff Dewitt Coates' ("Plaintiff") Complaint, showing this Honorable Court as follows:

### AFFIRMATIVE DEFENSES

Defendant pleads the following separate defenses. Defendant reserves the right to assert additional affirmative defenses that discovery indicates are proper.

### FIRST AFFIRMATIVE DEFENSE
#### (Failure to State a Claim)

The Complaint, and each and every claim alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
#### (Assumption of Risk)

The Complaint is barred, in whole or in part, because at all times Plaintiff knew the risks of injury and damage involved in her actions and conduct, and with full knowledge of such risks, voluntarily assumed such risks. Plaintiff failed to exercise reasonable and ordinary care, caution, or prudence for her own safety in order to avoid the alleged incident and alleged resulting injuries,

and Plaintiff's recovery from Defendant must therefore be reduced by Plaintiff's own negligence, actions, or omissions.

### THIRD AFFIRMATIVE DEFENSE
**(Unclean Hands)**

The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because, by virtue of his conduct, Plaintiff comes to this action with unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
**(Negligence or Comparative Fault of Plaintiff)**

Plaintiff's injuries, if and to the extent they occurred, were caused or contributed to by Plaintiff's own recklessness, carelessness, and/or negligence, and Plaintiff's recovery must therefore be reduced by Plaintiff's comparative fault.

### FIFTH AFFIRMATIVE DEFENSE
**(Negligence *Per Se*)**

Plaintiff's claims against Defendant are barred because Plaintiff was in violation of Atlanta City Code § 150-405(b) at the time of the incident described in the Complaint, such violation constitutes negligence *per se*, and Plaintiff's violation of Atlanta City Code § 150-405(b) proximately caused the alleged injuries described in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE
**(Negligence or Comparative Fault of Others)**

Plaintiff's injuries, if and to the extent they occurred, were caused or contributed to by the negligence, recklessness, and intentional conduct of other persons and/or entities, and Plaintiff's recovery from Defendant must therefore be reduced by the comparative fault of such other persons and/or entities.

### SEVENTH AFFIRMATIVE DEFENSE
**(Superseding Act)**

No act or omission of Defendant was a factor, whether substantial or otherwise, in causing or contributing to the incident or injury alleged in the Complaint. Any alleged acts and/or omissions by Defendant were superseded by the acts and/or omissions of other persons or entities, which acts and omissions were the independent, superseding and intervening cause of the incident and injury, if any, described in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE
**(Unforeseeable Intervening Cause)**

The injuries and damages sustained by Plaintiff, if any, were the result of acts or omissions of others, which were not and could not have been foreseen by Defendant.

### NINTH AFFIRMATIVE DEFENSE
**(Cause in Fact)**

The Complaint is barred, in whole or in part, because Plaintiff cannot prove any facts showing that the conduct of Defendant was the cause in fact of any injuries or damages suffered by Plaintiff as alleged in the Complaint.

### TENTH AFFIRMATIVE DEFENSE
**(Proximate Cause)**

The Complaint is barred, in whole or in part, because Plaintiff cannot prove any facts showing that the conduct of Defendant was the proximate cause of any injuries or damages suffered by Plaintiff as alleged in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate)**

Plaintiff is not entitled to recover damages, if any, to the extent that Plaintiff has failed to mitigate or reasonably attempt to mitigate his damages as required by law.

### TWELFTH AFFIRMATIVE DEFENSE
**(Consent by Plaintiff)**

Plaintiff agreed to, and participated in, those actions which Plaintiff claims to have caused injury or damage. Since such participation and consent were given knowingly and voluntarily, Plaintiff's claims are invalid.

### THIRTEENTH AFFIRMATIVE DEFENSE
**(No Legal Duty)**

The Complaint is barred, in whole or in part, because Plaintiff cannot prove that Defendant owed him a legal duty of care based on the facts alleged in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE
**(Contractual Assumption of Risk and Arbitration)**

Defendant is informed and believes and thereon alleges that Plaintiff cannot recover any damages against Defendant because Plaintiff agreed before the alleged incident that he would not hold Defendant responsible for any damages, including for any injuries suffered by Plaintiff while engaging in the activity alleged in the Complaint. Plaintiff's claims are also subject to an arbitration agreement.

### FIFTEENTH AFFIRMATIVE DEFENSE
**(Open and Obvious Harm)**

The perils, dangers, or risks of harm, if any, were open and obvious and known to Plaintiff, who nevertheless conducted himself in such a manner so as to expose himself and remain exposed, to said perils, dangers and risks of harm, thus assuming all risks attendant thereto such that Plaintiff's right of recovery should be barred.

4

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Misuse)

The injuries and damages that Plaintiff alleges in the Complaint were legally and proximately caused by the unforeseeable misuse by Plaintiff, including but not limited to Plaintiff's failure to follow the safety measures pursuant to Defendant's Terms of Service.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (No Defect)

Defendant is informed and believes that the electric scooter alleged in the Complaint was not in a defective condition and was accompanied by adequate warnings when it left the possession, custody, and control of Defendant. Alternatively, any alleged defective condition was such that it did not cause the injuries alleged in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Laches and Estoppel)

Plaintiffs' claims are barred by the equitable doctrines of laches and estoppel.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Defendant Fulfilled Duty to Warn)

Defendant states that it discharged its duty to warn of dangers embodied in the subject electric scooter, if any such duty or dangers existed, by providing adequate warnings and instructions to Plaintiff.

## FIRSTTWENTIETH AFFIRMATIVE DEFENSE
### (Reasonably Foreseeable Harm)

Defendant is informed and believes, and thereon alleges, that the harm, if any, which Plaintiff claims caused the injuries alleged herein was not known to Defendant nor did Defendant have reason to know of the risk of said harm at the time of alleged exposure. Therefore, any risk of harm was not reasonably foreseeable by Defendant and Defendant cannot be held liable for the injuries and damages caused to Plaintiff.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
**(State-of-the-Art)**

Defendant states that the design and method of manufacture of the subject scooter conformed to the generally recognized and prevailing standards or state of the art in existence at the time of its design and manufacture.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
**(No Alternative Design)**

Defendant states that no alternative design or formulation was available that would have prevented the harm for which Plaintiff seeks to recover damages and not impair the product at issue.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
**(No Material Defects/Workmanship Defects)**

Defendant is informed and believes and thereon alleges that the condition of the subject scooter, as described in the Complaint, does not constitute material defects and/or workmanship defects.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
**(Waiver and Release)**

Defendant alleges that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrines of waiver and release.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
**(Waiver and Estoppel)**

Defendant alleges that as a result of Plaintiff's own acts and/or omissions, including his agreement to Defendant's Terms of Service, Plaintiff has waived any right which he may have had to recover, and/or is estopped from recovering, any relief sought against Defendant.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (All Obligations Performed)

Defendant alleges that it has fully and/or substantially performed any and all obligations it may have had to Plaintiff.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Compliance With The Law)

Defendant alleges that the actions taken by it were in full compliance with the law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Unknown Defenses)

Defendant may have other separate and/or additional defenses of which it is not presently aware and hereby reserves the right to assert such defenses by amendment to this Answer as discovery continues.

## TWENTY-NINTH DEFENSE

Without waiving any of the foregoing Affirmative Defenses, Defendant responds to the individually numbered paragraphs of the Complaint as follows:

Defendant admits that:

- Plaintiff alleges that on the evening of March 31, 2019 he was the operator Lyft e-scooter traveling on the sidewalk adjacent to 1218 Huff Road NW in Atlanta, Georgia and that he allegedly collided with an electrical box on the sidewalk;

- Defendant is a foreign corporation with its principal business at 185 Berry Street, Suite 5000, San Francisco, California 94107;

- Defendant did business in the State of Georgia on March 31, 2019;

- Plaintiff rented the e-scooter alleged to be the subject of this action through the Lyft platform;

- Defendant is subject to the jurisdiction of this Court; and

- Defendant's registered agent CT Corporation System may be served at 289 S Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805.

In accordance with OCGA § 9-11-8(b), Defendant denies all other allegations in Plaintiff's Complaint and/or lacks sufficient information to form a belief as to all other allegations of Plaintiffs' Complaint and therefore denies same.

**WHEREFORE**, having fully answered Plaintiff's Complaint within the time allowed by law, Defendant respectfully requests:

(a)    that all of Plaintiff's prayers for relief be denied;

(b)    that this action against Defendant be dismissed with prejudice in its entirety;

(c)    that Plaintiff take nothing by reason of this Complaint and that judgment be entered against Plaintiff and in favor of Defendant;

(d)    that all costs incurred by Defendant to defend this action be cast upon the Plaintiff;

(e)    that Defendant have a trial by twelve (12) jurors as the law provides ; and

(f)    for such other and further relief that this Court deems just and proper.


Respectfully submitted this 12th day of April, 2021.

**HALL BOOTH SMITH, P.C.**

*/s/ Jeffery Randolph Saxby*
JEFFERY RANDOLPH SAXBY
Georgia Bar No. 623423
CAMERON A. MOBLEY
Georgia Bar No. 613048

191 Peachtree Street NE
Suite 2900
Atlanta, GA  30303
404-954-5000 / 404-954-5020  Fax

*Attorneys for Defendant Lyft, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *ANSWER AND AFFIRMATIVE DEFENSES OF LYFT, INC.* through Odyssey E-File GA electronic filing system upon all parties of record as follows:

Kevin N. Golden
Kevin N. Golden Esq. LLC
725 Ponce De Leon Ave NE
Floor 2
Atlanta, GA 30306
*Attorney for Plaintiff*

Rakhi D. McNeill
Waldon Adelman Castilla Hiestand & Prout
900 Circle 75 Parkway
Suite 1040
Atlanta, GA 30339
*Attorneys for Defendant Neutron Holdings,
Inc. d/b/a Lime*

This 12th day of April, 2021.

**HALL BOOTH SMITH, P.C.**

*/s/ Jeffery Randolph Saxby*
JEFFERY RANDOLPH SAXBY
Georgia Bar No. 623423
CAMERON A. MOBLEY
Georgia Bar No. 613048

191 Peachtree Street NE
Suite 2900
Atlanta, GA 30303
404-954-5000 / 404-954-5020 Fax

*Attorneys for Defendant Lyft, Inc.*

9