IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV 07 2022

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

| | | |
|---|---|---|
| DEWITT COATES | ( | |
| | ( | CASE NO.: |
| Plaintiff, | ( | 1:21-CV-01449-MLB |
| | ( | |
| v. | ( | |
| | ( | |
| LYFT, INC., NEUTRON HOLDINGS, INC. d/b/a LIME, SEGWAY, INC. d/b/a/ SEGWAY NINEBOT, ABC Corporation, XYZ Corporation, and JOHN DOE 1-5, | ( | |
| | ( | |
| Defendant. | ( | |

## I AM FILING A NOTICE OF APPEAL

Submitted November 7, 2022

---

Dewitt Coates., pro se

1856 Wells Dr. SW, Apt 112

Atlanta, GA 30311

404-447-8803

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEWITT COATES, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 1:21-CV-1449-SEG |
| LYFT, INC., NEUTRON HOLDINGS, INC. d/b/a Lime, SEGWAY, INC. d/b/a Segway Ninebot, ABC Corporation, XYZ Corporation, and John Doe 1-5, | |
| Defendants. | |

**ORDER**

On May 26, 2022, the Court held a telephone conference with the parties to discuss some of the pending motions in the case and related matters. During the conference, the Court addressed Defendant Segway, Inc.'s ("Segway") motion to correct misnomer. [Doc. 58.] Segway contends that it has been incorrectly identified as Segway, Inc. d/b/a Segway Ninebot. The Court GRANTED Segway's request to correct this misnomer. The Clerk is DIRECTED to correct the docket to identify the defendant as Segway, Inc.

At the telephone conference, Coates inquired about his deadline to respond to the pending motions for judgment on the pleadings that have been filed by Defendants Lyft, Inc. and Segway, Inc. The Court noted that Coates

already filed his responses on May 5, 2022, and May 11, 2022. [Docs. 68, 69.] The Court granted Coates leave to supplement his responses by no later than June 2, 2022. Coates' motion for more time to respond to the motions for judgment on the pleadings is therefore GRANTED. [Doc. 62.]

Finally, the parties and the Court discussed mediation. The Court noted that the parties had previously scheduled a mediation but that it did not occur. Defendants informed the Court that they are open to engaging in mediation if Coates is represented by counsel. The Court understands that Coates sustained head trauma in 2019 and alleges that he suffers from some level of cognitive impairment. Thus, the Court intends to appoint counsel for the limited purpose of assisting Coates with mediation. This case is REFERRED to the next available magistrate judge for the purpose of conducting mediation.

**SO ORDERED** this 27th day of May, 2022.

*Sarah E. Geraghty*
SARAH E. GERAGHTY
United States District Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEWITT COATES, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 1:21-CV-1449-SEG |
| LYFT, INC., NEUTRON HOLDINGS, INC. d/b/a Lime, SEGWAY, INC. d/b/a Segway Ninebot, ABC Corporation, XYZ Corporation, and John Doe 1-5, | |
| Defendants. | |

## ORDER

This case is before the Court on Plaintiff Dewitt Coates' motion seeking an extension of time to conduct discovery. (Doc. 88.) Mr. Coates contends that he is "not able to adequately respond to the [pending] motions for judgment on the pleading[s] due to incomplete discovery." (*Id.* at 1.) Defendants Lyft, Inc. ("Lyft") and Segway, Inc. ("Segway") have both filed responses in opposition to this motion. (Doc. 89, 90.) Lyft argues that the motions are "based solely on the substance of the pleadings, any judicially noticed facts, and the applicable law," thus Mr. Coates' request for discovery prior to a ruling on the motions "is procedurally and legally improper." (Doc. 89 at 4.) Lyft also notes that Mr. Coates has already filed responses to the

pending motions for judgment on the pleadings (Doc. 60, 63, 68), and has been granted leave to supplement those responses (Doc. 71). Segway states that Mr. Coates' request for additional time to conduct discovery would defeat the purpose of a motion for judgment on the pleadings. (Doc. 90 at 2.)

Judgment on the pleadings, under Federal Rule of Civil Procedure 12(c), "is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Horsely v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002). It is further appropriate only if "upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations." *Horsely v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002).

In accordance with these principles, motions for judgment on the pleadings are generally briefed and decided without the benefit of discovery. *See, e.g., Equal Emp't Opportunity Comm'n v. Austal USA, LLC*, 389 F. Supp. 3d 1015, 1018 (S.D. Ala. 2019) ("Generally, the Court may not consider matters outside the pleadings without converting the motion into a motion for summary judgment.") Here, the motions for judgment on the pleadings argue that Mr. Coates' claims are barred as a matter of law because the complaint shows that he was contributorily negeligent in the accident that

forms the basis of this lawsuit, and his negligence was the sole proximate cause of his injuries. "A plaintiff's contributory negligence bars any recovery whatsoever if his failure to use ordinary care for his own safety is the sole proximate cause of his injuries, even though such negligence concurs with the negligence of the defendant." *North Ga. Elec. Membership Corp. v. Webb*, 540 S.E.2d 271, 275 (Ga. Ct. App. 2000). The issue presented in the defendants' motions is therefore a "purely legal question that requires no discovery." *Smith v. Univ. Cmty. Hosp.*, No. 8:18-cv-270-T-AAS, 2018 WL 4907910, at *2 (M.D. Fla. Oct. 10, 2018) (staying discovery pending ruling on the defendant's motion for judgment on the pleadings). Put another way, discovery is not required to decide these motions. Furthermore, Mr. Coates has already responded to the motions, and has been afforded an opportunity to supplement those responses. The Court therefore DENIES Mr. Coates' motion for more time to conduct discovery so that he can supplement his responses to the motions for judgment on the pleadings. (Doc. 88.)

Discovery in this case expired on September 9, 2022. (Doc. 51.) Prior to this date, the Court did not rule on Mr. Coates' motion for issuance of subpoenas to the City of Atlanta Fire Department, Grady Hospital EMS Services, and Cricket Wireless. (Doc. 66.) Because the Court's ruling on the motions for judgment on the pleadings may be dispositive of Mr. Coates'

3

claims, the Court has DEFERRED ruling on the subpoena motion. Should the Court deny the motions for judgment on the pleadings, the Court will reopen discovery and will rule on the subpoena motion at that time. Further, because discovery may be reopened, the deadline for the parties to file motions for summary judgment is STAYED pending a ruling on the motions for judgment on the pleadings.

Also pending before this Court is Mr. Coates' motion for reconsideration of its order dated May 27, 2022, granting Segway's motion to correct misnomer. (Doc. 72.) That order directed the Clerk to change the identification of this defendant from Segway, Inc. d/b/a Segway Ninebot to Segway, Inc. (Doc. 71.) Mr. Coates contends that "both Segway and [N]inebot should be in this suit." (Doc. 72 at 1.)

Under the Local Rules of this court, "[m]otions for reconsideration shall not be filed as a matter of routine practice," but rather, only when "absolutely necessary." LR 7.2(E), NDGa. Absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003). A motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test

4

whether the court will change its mind." *Id.* at 1259. Nor may it be used "to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." *Adler v. Wallace Computer Servs., Inc.*, 202 F.R.D. 666, 675 (N.D. Ga. 2001). "Reconsideration is vested in the district court's sound discretion, and the grant of a motion to reconsider is an extraordinary remedy employed sparingly." *Ctr. for Biological Diversity v. Hamilton*, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005).

Although Mr. Coates may disagree with this Court's ruling, his motion does not satisfy the requirements for a motion for reconsideration. "To prevail on a motion for reconsideration, the moving party must present new facts or law of a strongly convincing nature." *Lomax v. Ruvin*, 476 F. App'x 175, 177 (11th Cir. 2012). Furthermore, the information that Mr. Coates provides from the internet in support of his motion for reconsideration appears to support Segway's contention that it was improperly named in the complaint, as this information suggests that Ninebot is a separate company and not a corporate alias for Segway. Accordingly, Mr. Coates' motion for reconsideration is DENIED. (Doc. 72.)

5

**SO ORDERED** this 5th day of October, 2022.

*Sarah E. Geraghty*
SARAH E. GERAGHTY
United States District Judge