UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEWITT COATES, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 1:21-CV-1449-SEG |
| LYFT, INC., NEUTRON HOLDINGS, INC. d/b/a Lime, SEGWAY, INC. d/b/a Segway Ninebot, ABC Corporation, XYZ Corporation, and John Doe 1-5, | |
| Defendants. | |

## OPINION AND ORDER

This case is before the Court on the Motion for Judgment on the Pleadings of Defendant Lyft, Inc. (Doc. 49) and the Motion for Judgment on the Pleadings of Segway, Inc. (Doc. 59). Plaintiff opposes both motions, which have been fully briefed.

**I.   Legal Standard**

Under Federal Rule of Civil Procedure 12(c), judgment on the pleadings "is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Horsely v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002). Like a motion to dismiss brought under Rule 12(b)(6), judgment on

the pleadings is appropriate only if "upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations." *Id.*  In determining whether judgment on the pleadings is appropriate, the court must take as true the allegations in the complaint, and the court must view those allegations in the light most favorable to the plaintiff. *Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir. 1998).

Plaintiff proceeds *pro se*, and the Court therefore construes his filings liberally. *See Lorisme v. I.N.S.*, 129 F.3d 1441, 1444 n.3 (11th Cir. 1997).

## II.   Background

On March 31, 2019, Plaintiff Coates was riding a Lyft scooter and traveling down Huff Road NW in Atlanta, Georgia. (Doc. 1-1 ¶ 23.)  As "the Scooter began to accelerate down the sidewalk," Plaintiff attempted to slow the scooter down by engaging its brakes. (*Id.* ¶¶ 25-28.)  The brakes failed, and Plaintiff collided with an electrical box on the sidewalk. (*Id.* ¶ 27.)  The collision caused Plaintiff serious injuries, and he has since incurred medical expenses and experienced pain and suffering as a result those injuries. (*Id.* ¶¶ 30, 149-152.)

Plaintiff alleges that the brakes in the scooter failed because they were defective, in part because the brake system contained various defective

components. (*Id.* ¶¶ 28-29.) He brings suit against Lyft, Inc.; Neutron Holdings, Inc., d/b/a Lime ("Lime"); Segway Inc.; and several fictitious corporate and individual defendants alleged to supply components of the brake system. He brings separate products liability and negligence per se claims against each defendant. (*Id.* ¶¶ 48-147.)

### III.   Discussion

Lyft and Segway, in separate Rule 12(c) motions, argue that they are entitled to judgment on the pleadings because Plaintiff's allegations show that he was contributorily negligent as a matter of law. They point to an Atlanta city ordinance providing that "dockless mobility devices" and "shareable dockless mobility devices,"[1] which include e-scooters, "shall not be

---

[1] Section 150-400 of the ordinance offers the following definitions:
> Dockless Mobility Device: an electric/motorized device that permits an individual to move or be moved freely which shall include but not be limited to e-scooters and shall exclude bicycles, e-bicycles, and any motor vehicle required to be registered with the state in accordance with state law, or the operation of which is otherwise governed by state law.
>
> Shareable Dockless Mobility Device: an electric/motorized or human-powered device that permits an individual to move or be moved freely, is available for rent to the general public for short-term one-way trips without the installation of any infrastructure in the public right-of-way and shall include but not be limited to a bicycle/e-bicycle, scooter/e-scooter and shall exclude any motor vehicle required to be registered with the state, in accordance with state law.

City of Atlanta Code of Ordinances, § 150-400.

operated on sidewalks or any space exclusively for pedestrian use." City of Atlanta Code of Ordinances, § 150-405(b).[2] Because the complaint alleges that Plaintiff "approached a decline in the sidewalk," "accelerate[d] down the sidewalk," and collided with an "electrical box on the sidewalk," Lyft and Segway argue that Plaintiff has conceded facts showing that he was in violation of this ordinance when his accident occurred, which amounts to negligence per se. They further argue that the pleadings show this negligence to have been the sole proximate cause of Plaintiff's injuries, rendering him contributorily negligent as a matter of law. Plaintiff opposes the motions.

Under Georgia law, "generally, negligence per se arises when a statute or ordinance is violated." *Kull v. Six Flags Over Georgia II, L.P.*, 592 S.E.2d 143, 144 (Ga. Ct. App. 2003); *see* O.C.G.A. § 51-1-6. Further,

> [B]efore negligence per se can be determined, a trial court must consider (1) whether the injured person falls within the class of persons it was intended to protect and (2) whether the harm complained of was the harm the statute was intended to guard against. Finally, if the court finds negligence per se, the plaintiffs must then demonstrate a causal connection between the negligence per se and the injury. And it is generally a jury question as to whether or not such negligence proximately caused the injury.

---

[2] The ordinance became effective on January 16, 2019. (Doc. 49-2 at 10.)

*Kull*, 592 S.E.2d at 144.

The Court considers first whether Plaintiff—who is the injured person here—was "within the class of persons" that § 150-405(b) of the City of Atlanta Code of Ordinances "was intended to protect." *Id.* The Court finds that he was. The preamble to the ordinance observes that the "the City has a substantial interest in regulating how private operators of Shareable Dockless Mobility Devices operate on the public rights-of-way to promote public safety, and to ensure the public right of way remains obstruction free." (Doc. 49-2 at 2.)

Plaintiff is a member of the public whose safety is part and parcel of "public safety." Although the dockless mobility device ordinance as a whole primarily creates a scheme of regulations for "operators" of such devices—that is, the companies who own and deploy them pursuant to a license from the city—the provision in question is specifically made enforceable against "users." *See* City of Atlanta Code of Ordinances § 150-405(l). Plaintiff is therefore within the class of persons the statute was designed to protect, and his injury while riding a "shareable dockless mobility device" is within the harms against which the statute intends to guard. The sidewalk riding provision is essentially in the nature of a traffic law, and a violation of a traffic law constitutes negligence per se. *See, e.g., Gaddis v. Skelton,* 486

5

S.E.2d 630, 632 (Ga. Ct. App. 1997); *Mathis v. Mangum*, 304 S.E.2d 520, 521 (Ga. Ct. App. 1983); *Johnston v. Woody*, 250 S.E.2d 873, 875 (Ga. Ct. App. 1978). It follows that if Plaintiff were "operat[ing]" his scooter "on [the] sidewalk[]" under the meaning of the ordinance, this would amount to negligence per se.

That is not the end of the inquiry, however. "'Negligence per se' means only that if a statutory violation is found, then the party at fault breached a duty; it does not mean that the breach proximately caused the damages at issue." *Boyer v. Brown*, 522 S.E.2d 692, 694 (Ga. Ct. App. 1999). For negligence per se to bar recovery as a matter of law, it must be the case that Plaintiff's negligence per se "is the sole proximate cause of his injuries, even though such negligence concurs with the negligence of the defendant." *Kull v. Six Flags Over Georgia II, L.P.*, 592 S.E.2d 143, 145 (Ga. Ct. App. 2003).

Lyft argues that Plaintiff's violation of the ordinance was "the sole proximate cause" of his injuries because "had Plaintiff not been violating the City of Atlanta Ordinances by operating the scooter on the sidewalk[,] his head and face would not have slammed into the electrical box on the sidewalk." (Doc. 49-1 at 13.) Segway argues the same position. The Court cannot adopt this view because it is not consistent with Georgia law, and as a federal court sitting in diversity, this Court is constitutionally "required to

6

apply the law as declared by the state's highest court." *Saxton v. ACF Indus.*, 254 F.3d 959, 965 n.9 (11th Cir. 2001) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).

Defendants set up their arguments on two cases concerning electrical technicans. Both cases were decided on summary judgment. In *Kull v. Six Flags Over Georgia II, L.P.*, the plaintiff had failed to comply with applicable OSHA regulations at the time of his injury. 592 S.E.2d 143 (Ga. Ct. App. 2003). The court held that this noncompliance was negligence per se and that it barred recovery, despite the defendant's "defective wiring in the transformer box." *Id.* at 145. This was so because Kull's violation of the OSHA requirements "proximately caused his injuries," and therefore "his actions constituted contributory negligence as a matter of law." *Id.* at 146.

Defendants' second case, *Beamon v. Georgia Power Co.*, is one with facts very similar to their first. 404 S.E.2d 463 (Ga. Ct. App. 1991). This case also involved an electrical technician injured by an allegedly defective transformer after he was "involuntarily lifted several feet above the transformer in an allegedly defective bucket truck," which put him in closer contact with the live current. *Id.* at 464. Here again, the plaintiff was found contributorily negligent as a matter of law, because he admitted to a failure to exercise ordinary care under the circumstances—that is, he failed "to wear

7

safety gloves and to insulate the energized wires." *Id.* at 465. (This case was not treated as a matter of negligence per se.) The court reasoned that the connection between any original act of negligence by the defendant and the plaintiff's injury was broken by the plaintiff's own negligence, both because "it is unreasonable that Georgia Power would have anticipated that someone, in the ordinary and usual course of working on its transformer, either lawfully or negligently, would have been involuntarily lifted several feet above the transformer in an allegedly defective bucket truck," and that, in addition, "had appellant been wearing insulated gloves or had the wires been properly covered, his injury would not have occurred." *Id.* at 465.

The inquiry here is about proximate cause and the effect on the proximate cause analysis of an intervening act of negligence per se—riding on the sidewalk. "Proximate cause is that which, in the natural and continuous sequence, unbroken by other causes, produces an event, and without which the event would not have occurred." *Johnson v. Avis Rent A Car System, LLC*, 858 S.E.2d 23, 29 (Ga. 2021). "The requirement of proximate cause constitutes a limit on legal liability; it is a policy decision that, for a variety of reasons, e.g., intervening act, the defendant's conduct and the plaintiff's injury are too remote for the law to countenance recovery." *Id.* Whether an intervening act renders an injury "too remote" depends on a question about

foreseeability, or, in other words, whether "the character of the intervening act claimed to break the connection between the original wrongful act and the subsequent injury was such that its probable or natural consequences could reasonably have been anticipated, apprehended, or foreseen by the original wrong-doer[.]" *Id.* at 30. The fact that an intervening act amounts to negligence does not make it ipso facto unforeseeable. *See Mullinax v. Pilgrim's Pride Corp.*, 840 S.E.2d 666, 674 (Ga. Ct. App. 2020); *Smith v. Com. Transp., Inc.*, 470 S.E.2d 446, 448 (Ga. Ct. App. 1996); *Firestone Tire & Rubber Co. v. Pinyan*, 270 S.E.2d 883, 888 (Ga. Ct. App. 1980); *Collins v. Altamaha Elec. Membership Corp.*, 260 S.E.2d 540, 542 (Ga. Ct. App. 1979).

As a preliminary matter, it can be seen in light of these principles that Lyft's argument that Plaintiff's claim is barred because his injuries would not have occurred as they did were he not riding on the sidewalk is mistaken. That conflates proximate cause with mere cause-in-fact and obscures the real question here.[3] The correct question is one about proximate cause, and thus the foreseeability of the intervening act to the defendants.

---

[3] "Cause-in-fact requires a determination that, but for the defendant's act, the injury to the plaintiff would not have occurred." *Blondell v. Courtney Station 300 LLC*, 865 S.E.2d 589, 595 (Ga. Ct. App. 2021). "Proximate cause, on the other hand, is a separate limit on legal liability. A determination that a defendant's conduct was not the proximate cause of the injury is not a determination that no causal connection existed but that, as a matter of

9

On that point, two things make *Kull* and *Beamon* inapposite. First, where a defendant is accused of negligently creating a defect in an electrical transformer, it is easy to see why the defendant would be under no duty to exercise a level of care anticipating that professional electricians—tasked daily with encountering live electrical currents—would fail to take basic safety precautions or comply with the safety regulations that govern their lines of work. But it is not at all analogous to assert that the operators or manufacturers of dockless electric scooters used by ordinary citydwellers could not "have reasonably anticipated/foreseen" that a rider of such a scooter might "subject[] himself to the obvious danger of riding on the sidewalk." (Doc. 59-1 at 7.) In fact, using common sense and making reasonable inferences in Plaintiff's favor, it would seem quite unreasonable to assume that no riders would venture onto the sidewalk.[4] "In order for a party to be held liable for negligence, it is not necessary that he should have been able to anticipate the particular consequences which ensued. It is sufficient if, in

---

policy, the defendant's conduct and the plaintiff's injury are too remote for the law to countenance recovery." *Id.* (citing *Johnson v. Avis Rent A Car System, LLC*, 858 S.E.2d 23 (Ga. 2021)) (internal quotations and citations omitted).

[4] This is not to say that the law countenances violating city ordinances, but that one person's breach of a legal duty does not automatically prevent them from recovering for injuries caused by the alleged breach of another.

10

ordinary prudence, he might have foreseen that some injury would result from his act or omission, and that consequences of a generally injurious nature might result." *Orkin Exterminating Co., Inc. v. Carder*, 575 S.E.2d 664, 670 (Ga. Ct. App. 2002).

Second, and more to the point, the defendants in *Kull* and *Beamon* had created dangers to which the plaintiffs could only have been exposed if they had failed to exercise the required standard of care. Touching a live wire will not injure someone wearing insulated gloves. That is the meaning of *Beamon*'s statement that the defendant's conduct "could have done nothing more than give rise to the occasion which made [the plaintiff's] injuries possible." 404 S.E.2d at 465. Here, if Plaintiff alleged that Defendants had negligently placed an obstacle in his way along the sidewalk, Defendants' use of these cases might have more purchase. Then it would be fair to say that Plaintiff could only have come into contact with the danger through his violation of the sidewalk-riding ordinance.

But those are not the allegations. Instead, Plaintiff alleges that the brakes on the scooter were defective. There is no basis at all for the Court to infer that the alleged defects in the brakes are hazardous only to one riding on the sidewalk. Segway seems to assume this point, arguing that it could never have foreseen that Plaintiff would "subject himself to the obvious

11

danger of riding on the sidewalk."[5]  (Doc. 59-1 at 7.)  But neither common sense, the city ordinance, or anything in the pleadings compel the implausible conclusion that sidewalks are alleys of death, uniquely littered with "obstructions," such that the negligence of any rider venturing onto them is patently unforeseeable.[6]  Much less do they compel the conclusion that a scooter with defective brakes is dangerous only on the sidewalk. Particularly in a violation of an ordinance analogous to a traffic law, finding contributory negligence as a matter of law is authorized only if undisputed facts show that the injuries were proximately caused by the plaintiff's "own act in voluntarily placing himself in a situation of peril" and that the violations of the traffic laws were "the causative factors of the accident."  *See Johnston v. Woody*, 250 S.E.2d 873, 875 (Ga. Ct. App. 1978).

---

[5] In part, its argument follows from its focus on the word "obstruction" in the preamble to the city ordinance, from which it draws the idea that the city's reason for keeping shareable dockless mobility devices off the sidewalk is that sidewalks are full of "obstructions."  That is not supported by the ordinance's text, which refers to the City's interest in ensuring that "the public right of way remains obstruction free."  (Doc. 49-2 at 2.)  The obstructions referred to are the "Shareable Dockless Mobility Devices" themselves, not the inherent dangers of Atlanta sidewalks.

[6] There is no basis in the pleadings for the court to conclude that sidewalks are beset with any more obstructions than streets, bikelanes, city parks, or the Atlanta BeltLine—all places where the shareable dockless mobility devices are permitted.  *See* City of Atlanta Code of Ordinances § 150-405(a), (d).

On these pleadings, a reasonable mind could certainly find that the "situation of peril" and the ensuing accident were proximately caused not by Plaintiff's violation of the sidewalk-riding ordinance, but by the allegedly defective brakes. That makes this issue, like most questions of proximate cause, a matter inappropriate for judgment on the pleadings. *See Johnson v. Avis Rent A Car System, LLC*, 858 S.E.2d 23, 30 (Ga. 2021).

## IV. Conclusion

The Motions for Judgment on the Pleadings (Docs. 49, 59) are **DENIED**. Also pending is Plaintiff's Motion to Notify the Court (Doc. 108). That motion offers to provide the court additional information about the reasons for Plaintiff's Notice of Appeal (Doc. 100). That motion is **DENIED AS MOOT** because the Court requires no further information regarding the notice of appeal given its November 10 order (Doc. 107).

**SO ORDERED** this 12th day of January, 2023.

SARAH E. GERAGHTY
United States District Judge