IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEWITT COATES,<br>    Plaintiff,<br>v.<br>LYFT, INC., NEUTRON HOLDINGS, INC. d/b/a LIME, SEGWAY INC., ABC Corporation, XYZ Corporation, and JOHN DOE 1-5,<br>    Defendants. | JUDGE SARAH E. GERAGHTY<br><br>CIVIL ACTION FILE NO.:<br>1:21-cv-01449-SEG) |

## SEGWAY INC.'S SECOND MOTION TO STRIKE PLAINTIFF'S UNAUTHORIZED SURREPLIES

Defendant **SEGWAY INC.** (hereinafter "Segway" or "Defendant"), moves to strike Plaintiff Dewitt Coates' (Plaintiff) unauthorized surreplies to Defendant's pending motion for summary judgment.

## ARGUMENT AND CITATION OF AUTHORITY

1.  On July 31, 2023, Segway filed its Motion for Summary Judgment [Dkt. 165], Memorandum of Law in Support of Motion for Summary Judgment [Dkt. 165-1], and Statement of Material Facts [Dkt. 165-2].

2.  Plaintiff failed to timely respond to Segway's Motion for Summary Judgment by the August 21, 2023 deadline. Instead, more than a week later, Plaintiff filed his first opposition[1] on August 29, 2023, without any excuse or leave to file a

---

[1] Plaintiff Opposition failed to include any Response to Defendant's Statement of Material Facts. Pursuant to the Local Rules an opposing party's failure to respond, object, or deny a moving party's Statement of Material Facts means that the facts are admitted. *See* LR 56.1.

late response, which violated Local Rule 7.1(B)'s tenet that: "any party opposing a motion shall serve the party's response, responsive memorandum, affidavits, and any other responsive materials not later than . . . in cases of motion for summary judgment . . . twenty-one (21) days after the service of the motion. Failure to file a response shall indicate that there is no opposition to the motion". [Dkt. 170].

3.  Accordingly, Segway's Motion for Summary Judgment should be deemed unopposed and granted. *See* LR 7.1(B).

4.  On September 5, 2023, the Clerk notified the parties that Segway's Motion for Summary Judgment was submitted to Judge Geraghty for consideration.

5.  Since that time, Plaintiff has submitted nine (9) filings[2] (collectively, the "Unauthorized Surreplies"), including the most recent Motion to Request Leave to Refile Documents With Redactions and Oppose Segway Inc.'s Requests in Document (Segway Inc.'s Motion to Strike Plaintiff's Unauthorized Surreplies), which is nothing more than yet another impermissible surreply filed without leave of the court.

6.  As stated in Segway's initial Motion to Strike Plaintiff's Unauthorized

---

[2] September 15, 2023: Response in Opposition Re 172 Response in Support of Motion [Dkt. 174]; September 15, 2023: Response in Opposition re 173 Reply Brief [Dkt. 175]; September 28, 2023: Response re 157 Defendant Lyft Inc.'s Motion for Summary Judgment [Dkt. 176]; October 12, 2023: Response in Opposition to Defendant Segway Inc.'s 165 First Motion for Summary Judgment [Dkt. 177]; October 12, 2023: Motion for Subpoena for Atlanta Police Department [Dkt. 178]; October 12, 2023: Motion for Time to Get Medical Attention [Dkt. 179]; October 19, 2023: Notice of Filing Document for Review [Dkt. 181]; October 19, 2023: Notice of Filing Opposition to Introduction and Summary of the Argument [Dkt. 182] and January 11, 2024: Motion to Request Leave to Refile Documents With Redactions and Oppose Segway Inc.'s Requests in Document (Segway Inc.'s Motion to Strike Plaintiff's Unauthorized Surreplies) [Dkt. 189].

Surreplies, the Unauthorized Surreplies, all make wholly unsubstantiated and unsupported arguments for the denial of Defendants' Summary Judgment Motion. Plaintiff's most recent filing is no different.

7. As per Local Rule 7.1, sur-replies are not permitted unless this Court previously allowed same for a valid reason "such as where the movant raises new arguments in its reply brief." *Federick v. Mercedes-Benz, USA, LLC.*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005). This is not the case here.

8. This Court routinely strikes surreplies filed without leave of court as the opposite practice leads to a volley of briefs and unnecessary waste of judicial resources. *See Miller v. Chase Fin., LLC*, No. 2:10-cv-2-6-WCO, 2011 WL 10944693, at *6 (N.D. Ga. Oct. 6, 2011); *Gary v. Menlo Logistics Global Transp. Servs., Inc.*, No. 1:06-cv-2139-TWT, 2007 WL 528096, at *2 (N.D. Ga. Feb. 13, 2007); *see also Roberts v. Primestar Funds I TRS, Inc.*, No. 117CV01915MHC-AJB, 2017 WL 8186731, at *4 (N.D. Ga. Oct. 25, 2017), report and recommendation adopted sub nom. *Roberts v. Primestar Fund I TRS, Inc.*, No. 1:17-CV-1915-MHC, 2017 WL 8186808 (N.D. Ga. Nov. 28, 2017)[3].

9. Plaintiff's Unauthorized Surreplies are nothing more than untimely

---

[3] ("Even had Defendant not filed its motion to strike Plaintiff's sur-reply, it is likely that the Court would have exercised its discretion and refused to consider it, pursuant to Local Rule 7.1. Plaintiff did not seek leave to file a sur-reply, (see Dkt.), and, even if she had, such filing would have been denied given Plaintiff's history as a repetitive filer whose filings are, at best, a nonsensical form of legalese mad-libs[cit] and, at worst, flout judicial procedural rules and exploit judicial resources with excessive and vexatious filings. [cit] Accordingly, the undersigned GRANTS Defendant's motion to strike, [Doc. 11], Plaintiff's surreply, [Doc. 9].")

attempts to make unsubstantiated arguments to resist the entry of summary judgment and should be stricken, or, alternatively, denied consideration by this Court.

10.  As this Court is well aware, "deadlines are not meant to be aspirational" and plaintiff "must take responsibility for the obligations to which [they] committed and get the work done by the deadline." *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 864 (11th Cir. 2004) (affirming the district court's refusal to consider plaintiff's untimely responses to defendants' summary judgment motions).

11.  A "***district court's refusal to consider an untimely opposition by a pro se plaintiff to summary judgment motion is not an abuse of discretion***." *Mosley v. MeriStar Mgmt. Co., LLC*, 137 Fed.Appx. 248, 250 (11th Cir. 2005) (emphasis added).

12.  Plaintiff's obvious and unexplained disregard of the Court's Local Rules is unacceptable, and the Court should decline to consider his untimely filings[4].

13.  Furthermore, since Plaintiff failed to comply with the Local Rules, failed to refute any of the facts contained within Defendants motion papers, and failed to proffer any evidentiary support, his numerous filings do nothing more than

---

[4]*See id.* (affirming the district court's refusal to consider plaintiff's untimely response to defendant's summary judgment motion, including because plaintiff "neither asked for an extension of time to file a response, nor explained why her opposition was tardy"); *Young*, 358 F.3d at 864 (affirming the district court's refusal to consider plaintiff's untimely responses to defendants' summary judgment motions) *Martinez v. Palm Bay Police Dep't*, No. 6:04-CV-1819, 2006 WL 1933812, at *1 (M.D. Fla. July 11, 2006) (***striking plaintiff's response to defendants' motion for summary judgment where the response was filed three days late***) (emphasis added); *United Nat. Ins. Co. v. Owl's Nest of Pensacola Beach, Inc.*, No. 3:05-CV-374, 2006 WL 1653380, at *3 (N.D. Fla. June 8, 2006) (***declining to consider plaintiff's response to defendant's summary judgment motion because the response was filed three days late "without [plaintiff] acknowledging the lateness of his filing or seeking leave of court to file out of time"***) (emphasis added).

corroborate his ongoing willful, intentional, and flagrant disregard of the entire civil process, which is shown by his abject failure to even attempt to comply with the Court's June 14, 2023 Order regarding discovery matters [Dkt. 143]. Therein, this Court noted that Plaintiff's failure to timely comply with the subject Order may result in sanctions up to and including dismissal[5].

14. In any event, even assuming arguendo the Court chose to consider Plaintiff's Unauthorized Surreplies, they do not create a single genuine issue of material fact and contain no evidence to support any of the propositions therein.

15. For the reasons set forth above, Defendant prays that the Unauthorized Surreplies be stricken or alternatively denied consideration by this Court.

Date: January 24, 2024

                                              Respectfully submitted,

                                              BY: *Max H. Trembitsky*
                                              Max H. Trembitsky (NY Bar No. 5664107, admitted *pro hac vice*)
                                              GORDON REES SCULLY MANSUKHANI, LLP
                                              Attorneys for Defendant Segway Inc.
                                              One Battery Park Plaza, 28th Floor
                                              New York, NY 10004
                                              Phone: (212) 269-5500
                                              mtrembitsky@grsm.com

---

[5] Moreover, Segway's previously filed Motion for Leave to File Amended Motion to Compel seeking several forms of relief, including an order deeming Plaintiff's objections waived, striking the complaint, and awarding Segway its costs and fees has yet to be decided.

# LOCAL RULE 5.1(C) CERTIFICATION OF COMPLIANCE

The undersigned counsel of record certified that ***DEFENDANT SEGWAY INC.'S SECOND MOTION TO STRIKE PLAINTIFF'S UNAUTHORIZED SURREPLIES has*** been prepared with Time New Roman, 14 Point, in compliance with Northern District Local Rule 5.1(C).

Date: January 24, 2024

        Respectfully submitted,

        BY: *Max H. Trembitsky*
        Max H. Trembitsky (NY Bar No. 5664107,
        admitted *pro hac vice*)
        GORDON REES SCULLY MANSUKHANI, LLP
        Attorneys for Defendant Segway Inc.
        One Battery Park Plaza, 28th Floor
        New York, NY 10004
        Phone: (212) 269-5500
        mtrembitsky@grsm.com

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *DEFENDANT SEGWAY INC.'S SECOND MOTION TO STRIKE PLAINTIFF'S UNAUTHORIZED SURREPLIES* upon Plaintiff Dewitt Coates via first class mail and upon all counsel of record by electronically filing same with the CM/ECF filing system, and that service of the following individuals will be accomplished by first class mail and/or the CM/ECF system:

Mr. Dewitt Coates
P.O. Box 2018
Atlanta, Georgia 30301
*Plaintiff – Pro Se*

Jeffery Randolph Saxby
Hall Booth Smith, P.C.
191 Peachtree Street NE
Suite 2900
Atlanta, GA 30303
*Counsel for Defendant Lyft, Inc.*

[CONTINUED ON NEXT PAGE]

Rakhi D. McNeill, Esq.
Waldon Adelman Castilla Hiestand & Prout
900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
*Counsel for Defendant Neutron Holdings, Inc.*

Date: January 24, 2024

    Respectfully submitted,

    BY: *Max H. Trembitsky*
    Max H. Trembitsky (NY Bar No. 5664107,
    admitted *pro hac vice*)
    GORDON REES SCULLY MANSUKHANI, LLP
    Attorneys for Defendant Segway Inc.
    One Battery Park Plaza, 28th Floor
    New York, NY 10004
    Phone: (212) 269-5500
    mtrembitsky@grsm.com