UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEWITT COATES,<br><br>    Plaintiff,<br><br>v.<br><br>LYFT, INC., NEUTRON HOLDINGS, INC. d/b/a Lime, SEGWAY, INC. d/b/a Segway Ninebot, ABC Corporation, XYZ Corporation, and John Doe 1-5,<br><br>    Defendants. | CIVIL ACTION NO.<br><br>1:21-CV-1449-SEG |

**O R D E R**

On March 31, 2019, Plaintiff Dewitt Coates was riding a scooter on Huff Road in Atlanta, Georgia. As the scooter was travelling downhill, Plaintiff collided with an electrical box on the sidewalk. The collision caused Plaintiff injuries, and he has since incurred medical expenses and experienced pain and suffering from those injuries.

Plaintiff alleges that the brakes on the scooter failed, resulting in him being unable to stop the scooter before colliding with the electrical box. He brings suit against Defendants Lyft, Inc. ("Lyft"), Neutron Holdings, Inc. ("Lime"), Segway, Inc. ("Segway"), and several fictitious corporate and

individual defendants alleged to have supplied components of the brake system. He asserts products liability and negligence claims.

Lyft and Segway have both moved to dismiss the case with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to comply with court orders. (Doc. 148, 149.) They contend that Plaintiff's failure to abide by this Court's discovery orders and his refusal to provide them with critical discovery has prejudiced them from being able to defend against his claims. Plaintiff opposes the motions to dismiss, stating that "it is on the defendants to prove I have not given them adequate discovery." (Doc. 151 at 1, Doc. 152 at 1.) The Court is sympathetic to the fact that Plaintiff allegedly has sustained an injury here, and the Court has accordingly given thorough consideration to the request now before it. For the reasons that follow, the Court grants Defendants' motions.

**I.   Legal Standard**

Federal Rule of Civil Procedure 41(b) provides that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  "To dismiss a complaint under Rule 41(b), a district court must find: (1) a clear record of delay or willful contempt; and (2) that lesser sanctions would not suffice." *Haji v. NCR. Corp.,* 834 F. App'x 562, 563 (11th Cir. 2020) (citing *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). Dismissal under Rule 41(b) is considered a "sanction of last resort" to be used in extreme situations. *Id.* But "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989). "The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." *Goforth*, 766 F.2d at 1535 (11th Cir. 1985) (citations omitted). A district court must make findings satisfying both elements of the Rule 41(b) standard before dismissal with prejudice is appropriate. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1339 (11th Cir. 2005).

In addition, Local Rule 41.3(A), NDGa, provides in pertinent part that "[t]he Court may, with or without notice to the parties, dismiss a civil case for want of prosecution if . . . [a] plaintiff . . . fails or refuses to make a case ready or . . . shall, after notice, . . . fail or refuse to obey a lawful order of the Court in the case." LR 41.3A(1), (2), NDGa. Dismissal of a case for want of prosecution with prejudice is a "'sanction of last resort, applicable only in extreme

3

circumstances, and generally proper only where less drastic sanctions are unavailable.'" *Eades v. Ala. Dep't of Human Res.,* 298 F. App'x 862, 864 (11th Cir. 2008) (quoting *McKelvey v. AT & T Technologies, Inc.,* 789 F.2d 1518, 1520 (11th Cir. 1986)).

## II. Discussion

### A. Procedural History

Plaintiff, represented by counsel, filed this lawsuit on March 10, 2021, in the State Court of Gwinnett County. (Doc. 1-1.) On April 12, 2021, the case was removed to this court. (Doc. 1.) Because Lyft filed an answer to Plaintiff's complaint prior to the removal (Doc. 2), discovery was set to begin on May 12, 2021. *See* Local Rule 26.2(A), NDGa. On May 24, 2021, the parties moved to stay discovery while they participated in mediation. (Doc. 15.) The Honorable Michael L. Brown[1] granted the parties' request to stay and ordered that discovery would begin on August 31, 2021, should the parties not settle at mediation. (Doc. 16.)

On July 30, 2021, the date of the scheduled mediation, Plaintiff's counsel moved to withdraw, attaching to his motion an email purporting to show that Plaintiff terminated him. (Doc. 25.) Around that time, Plaintiff also filed two

---

[1] The case was reassigned to the undersigned on April 18, 2022.

4

pro se motions seeking his attorney's withdrawal. (Doc. 24, 26.) Judge Brown granted the motions on August 3, 2021, and directed Plaintiff to, on or before September 3, 2021, either file a notice informing the Court of his intent to proceed pro se or have his new attorney enter an appearance. (Doc. 28.) This order informed Plaintiff that "[f]ailure to comply with this order may result in sanctions against Plaintiff, including dismissal of this case." (*Id.* at 2.)

Plaintiff filed a notice on August 12, 2021, informing the Court that he intended to hire new counsel. (Doc. 29.) But the September 3, 2021, deadline passed with no counsel making an appearance on behalf of Plaintiff. Plaintiff continued to inform the Court of his intent to hire new counsel. (Doc. 32, 33, 35.) As a result, Judge Brown twice extended the deadline for new counsel to appear and continued the stay. (*See* Docket Entry, October 22, 2021, Doc. 34, 40.) On January 6, 2022, five months after his counsel withdrew, Plaintiff informed the Court of his intent to proceed pro se. (Doc. 42.)

On March 9, 2022, Judge Brown held a telephone conference to discuss the status of the case. Plaintiff did not appear for the conference. (Doc. 50.) The same day, Judge Brown issued a scheduling order placing this case on a six-month discovery track, to start on March 9, 2022, and to conclude on September 9, 2022. (Doc. 51.) Judge Brown set another status conference for

5

March 16, 2022, and directed Plaintiff to appear, advising him "that failure to comply with this order may lead to the dismissal of this case." (*Id*. at 2.)

Plaintiff appeared for the second status conference and moved for an extension of time to respond to Lyft's motion for judgment on the pleadings that was filed on March 7, 2022. (Doc. 54.) Judge Brown granted that request and extended the deadline for Plaintiff to file his response to April 20, 2022. (*Id*.) Plaintiff filed piecemeal responses to the motion on April 20, 2022 (Doc. 60), April 29, 2022 (Doc. 63), and May 11, 2022 (Doc. 69).

During a telephone conference on May 26, 2022, Plaintiff requested leave to supplement his responses. (Doc. 70.) The Court granted him leave to supplement. (Doc. 71.) The Court also appointed counsel to assist him in the upcoming mediation. (Doc. 75.) Although the parties engaged in mediation on September 14, 2022, they did not reach a settlement. (Doc. 86.)

On October 11, 2022, Plaintiff filed a motion seeking leave to further respond to Defendants' motions. (Doc. 94.) The Court "recognize[d] the unusual nature of this request given that the pending motions for judgment on the pleadings have been fully briefed," but in consideration of Plaintiff's pro se status and his reported cognitive limitations, granted Plaintiff until November 8, 2022, to file his supplemental responses. (Doc. 95 at 1.) On January 12, 2023, the Court denied the motions for judgment on the pleadings. (Doc 113.)

6

On February 6, 2023, discovery was reopened and set to conclude on April 10, 2023. (Doc. 115.)

On February 13, 2023, Lyft requested deposition dates from Plaintiff. (Doc. 127-2 at 1, Beckmann Aff. ¶ 2; Doc. 127-4.) Segway served its interrogatories and requests for production on Plaintiff on February 22, 2023. (Doc. 127-2 at 1, Beckmann Aff. ¶ 3; Doc. 126.) Plaintiff failed to respond by the March 24, 2023, deadline, and Segway subsequently sent a good faith letter to Plaintiff on March 27, 2023, seeking to meet and confer about the outstanding discovery responses. (Doc. 127-2 at 2, Beckmann Aff. ¶ 4; Doc. 126.) Plaintiff responded to the letter via email on March 31, 2023, requesting an extension to "Monday the 4th,"[2] to serve his responses. (Doc. 127-2 at 2, Beckmann Aff. ¶ 5; Doc. 127-7.) But no responses were provided by that date.

On April 7, 2023, Segway filed a motion to compel because Plaintiff still had not provided any discovery in response to its requests and the discovery period was due to expire in three days. (Doc. 127.) Segway's motion was supported by the declaration of counsel, who attested to the fact that Plaintiff

---

[2] The email states that Plaintiff "will respond by the end of the day or no later than Monday the 4th." (Doc. 127-7 at 1.) April 4 was a Tuesday, however. Counsel for Segway responded to the email, clarifying that it would "provide an extension until Monday for the overdue responses." (*Id.*)

7

failed to provide Segway with important and relevant information about his claims. Segway stated that Plaintiff:

    a. Fail[ed] to provide details regarding the subject premises;

    b. Fail[ed] to provide: (1) an explanation of how the Scooter was defective; (2) proof showing that the alleged incident was caused by an act/omission of Defendant; (3) information as to the identity, manufacturer, or seller of the product; and (4) statutes purportedly violated by Defendant;

    c. Fail[ed] to provide photos/videos of the scene, alleged incident, the subject Scooter, or otherwise related to his claims/injuries;

    d. Fail[ed] to provide relevant written reports, oral or recorded statements, or communications regarding the alleged incident;

    e. Fail[ed] to identify potential witnesses, including expert witnesses, or provide relevant documents;

    f. Fail[ed] to provide information regarding any criminal history;

    g. Fail[ed] to provide damages calculations and details regarding claimed injuries and medical insurance, as well as medical treatment before/after the alleged incident or any relevant documents, including HIPAA authorizations;

    h. Fail[ed] to provide settlement agreements, releases, and lien/subrogation information arising out of the subject claims;

    i. Fail[ed] to provide documents relating to any investigation conducted by Plaintiff before filing suit;

    j. Fail[ed] to provide copies of EMT, Police, or other reports;

    k. Fail[ed] to produce evidence sought to be introduced at trial; and

> l. Fail[ed] to provide documents referred to, identified, or used in the preparation of any Responses.

(Doc. 127-1 at 2-3, footnotes omitted.) Segway argued that the failure to respond to written discovery prejudiced it by preventing it from preparing for Plaintiff's deposition and otherwise preparing its defense. It further sought an array of sanctions, including, but not limited to, awarding Segway its costs associated with the motion. (Doc. 127 at 3.) Given the impending discovery deadline, Segway filed a motion seeking to extend discovery for several months. (Doc. 128.) Discovery was extended to July 1, 2023. (Doc. 129.)

On April 11, 2023, Plaintiff served Segway with discovery responses. (Doc. 139-5.) They were limited and generally non-responsive. For example, Plaintiff declined to provide an address or other location information about where the accident occurred. (*Id*. at 6.) He declined to provide a calculation of his damages, stating that the answer was "coming within 72 hours." (*Id*. at 6.) He further declined to identify any witnesses, stating "Not sure. Will inform you as soon as pos[s]ible." (*Id*. at 7.) When asked to "state the facts" concerning any contention that Segway had violated any "statute, regulation, ordinance, standard, or guideline with respect to the manufacture or design of the subject product," Plaintiff responded, "Yes. Defendant has committed violation. Will file violation soon." (*Id*. at 7.) Other responses include "your questions is [sic]

9

ridiculous. I won't answer that" and "that has nothing to do with this case. I will not answer that." (*Id*. at 11.) Plaintiff did not provide any written responses to Segway's requests for production. (*Id*., Trembitsky Decl. ¶ 12.) He did produce: three medical records concerning treatment he received after the accident, medical-records invoices, photos of his injury, and an email purportedly from a first responder. (Doc. 148-2 at 3, Trembitsky Decl. ¶ 13.)[3]

On April 28, 2023, Segway served its first set of requests for admission on Plaintiff. (Doc. 134.) On the same date, it sent Plaintiff a second good faith letter. (Doc. 135.) And on May 8, 2023, it sent Plaintiff a post-meet-and-confer letter after two meetings between the parties. (Doc. 137.) According to Segway, "During the meetings, Plaintiff could not identify any demands to which he would respond/provide further responses. Nor could he agree to provide any discovery by a date certain." (Doc. 141-1 at 2.)

On May 12, 2023, Segway filed a motion to deem its motion to compel as unopposed, noting that "Plaintiff had until April 21, 2023 to file a response" but failed to do so. (Doc. 139.) The Court granted the unopposed motion to compel on May 15, 2023, and directed Plaintiff "to provide complete responses

---

[3] On April 17, 2023, Plaintiff filed a "motion to ask the Court for more time," but did not specify what deadline he sought to extend. (Doc. 133.)

10

to Segway's discovery request within 14 days of the entry of this order." (Doc. 140 at 5.) The Court declined to enter sanctions at that time, but reminded Plaintiff that he was required to abide by both the Federal Rule and Local Rules of this Court. The Court also informed Plaintiff that it would "consider the imposition of sanctions if Plaintiff continues to fail to cooperate with discovery[.]" (*Id*. at 5.) The Court advised Plaintiff that it was authorized under Local Rule 41.3, NDGa, to dismiss his case for want of prosecution should he fail or refuse to make the case ready. *See* Local Rule 41.3(A)(1), NDGa ("The Court may, with or without notice to the parties, dismiss a civil case for want of prosecution if . . . [a] plaintiff or attorney willfully fails or refuses to make a case ready or refuses to cause a case to be made ready for placement on the trial calendar . . ."). The Court noted its concern "that Plaintiff's failure to participate in discovery and repeated requests for relief from court deadlines, if they continue, may amount to a failure to prosecute his case warranting dismissal." (Doc. 140 at 6-7.)

On May 30, 2023, Plaintiff "re-served the deficient Interrogatory responses provided on April 11, 2023 while failing to provide any written responses to RFPS." (Doc. 148-2 at 3, Trembitsky Decl. ¶ 12.)

On June 2, 2023, Segway requested leave to file an amended motion to compel, informing the Court that "notwithstanding the Court's May 15, 2023

11

Order . . . Plaintiff has continued to provide almost no discovery. This includes both a complete failure to provide any written responses to Requests for Production or any further reponses to Interrogatories." (Doc. 141 at 1-2.) The Court granted the motion for leave to file an amended motion and directed Plaintiff to provide complete responses to Segway's discovery requests by June 28, 2023. (Doc. 143.) The Court reminded Plaintiff that his "pro se status does not relieve him of the obligation to comply with discovery requests, meet court deadlines, or otherwise to actively prosecute his case." (*Id.* at 3.) Plaintiff was also advised "that his failure to timely comply with this order may result in sanctions up to and including dismissal." (*Id.* at 3.)

On June 26, 2023, Plaintiff responded to the amended motion to compel.[4] (Doc. 147.) He presented a general objection of "total and complete opposition" both to the motion and Segway's discovery requests. (*Id.* at 2.) He characterized Defendants' discovery requests as "just a ploy to exhaust me or find a loophole to get out of doing the right thing." (*Id.* at 3.) He stated that "[t]he defense is completely absurd" and states that he has "provided enough information to win this case hands down. [Defendants'] wretched responses

---

[4] This document states that it is "Opposition to Document 127," Segway's first motion to compel, but it was filed twelve days after Segway's amended motion to compel was filed. The Court therefore considers this filing to be Plaintiff's response to Segway's amended motion to compel.

12

have certainly show[n] the defendants as unwelcoming toward justice." (*Id*. at 4.) He added "supporting documents coming soon." (Doc. 147 at 2-3, 5.)

But the June 28, 2023, deadline passed without Plaintiff providing further responses to Segway's discovery requests as required by the Court's order. (Doc. 148-2 at 3, Trembitsky Decl. ¶¶ 14, 16.) On June 29, 2023, Segway and Lyft filed their Rule 41(b) motions to dismiss. (Doc. 148, 149.) Segway's counsel averred in his attached declaration that since May 30, 2023, "Segway has received no further discovery from Plaintiff whatsoever." (Doc. 148-2 at 3, Trembitsky Decl. ¶ 14.) In other words, Plaintiff had failed to comply with the Court's second order (Doc. 143), which required him to provide supplemental discovery by June 28.[5] Plaintiff does not argue otherwise.

On July 27, 2023 and July 28 2023, almost a month after the discovery period closed and approximately a month after the deadline set by the Court's second order, Plaintiff filed certificates of service indicating that he served Segway and Lyft with his responses to their respective first sets of interrogatories and request for production. (Doc. 160-164.).[6] On July 28, 2023,

---

[5] As of July 31, 2023, Plaintiff had not responded at all to Segway's First Request for Admissions. (Doc. 165-3 at 2, Trembitsky Decl. ¶ 4.)

[6] Discovery closed on July 1, 2023. (Doc. 129.) Pursuant to Local Rule 56.1(D), NDGa, motions for summary judgment were due "not later than thirty (30) days after the close of discovery."

13

Plaintiff filed a second response to Segway's amended motion to compel stating "Please do not grant <u>any</u> requests of Document 144. I oppose Doc. 144. I do not want this case dismissed." (Doc. 154 at 1-2 (emphasis in original).)

On August 2, 2023, following the summary-judgment-motion deadline, Plaintiff filed a further response to the motion for leave to file an amended motion to compel. (Doc. 167.) He also filed further discovery responses on October 19, 2023, which he states were submitted to the Court on July 13, 2023, and returned to him by the Clerk due to an error. (Doc. 181.)[7] The Court has reviewed Plaintiff's responses and finds them to be inadequate and generally non-responsive.[8] *See* Fed. R. Civ. P. 37(a)(4) (stating that for

---

[7] There is no indication on the record that this document was served on Segway on July 13, 2023.

[8] For instance, Plaintiff responds "Not sure" when asked to identify witnesses. (Doc. 181 at 9.) He declines to identify any statute, regulation, ordinance, standard, or guideline he contends the Defendants violated, stating only "objection. Information already stated in the complaint which was filed." (*Id*.) When asked to provide the name and business information of his health insurance providers, he responds "privileged information. I do not have that information." (*Id*. at 14.) When asked to identify treating physicians, he responds, "objection. Overly broad and lack of relevance, and privileged information." (*Id*. at 13.) When asked to describe any non-privileged statements Plaintiff made to anyone that concerned the incident in question, Plaintiff responds, "objection. Overly broad, I am not sure." (*Id*. at 13.) When asked to itemize and state his damages, Plaintiff responds, "I object to this question, question 4. This question calls for speculation. I do not have the expertise to calculate all damages." (*Id*. at 8.)

14

purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.").

### B. Application of Rule 41(b) and LR 41.3(A), NDGa

The Court approaches this matter with due regard for the important principle that dismissal under Rule 41(b) is a drastic sanction – one that it may not implement before it has thoroughly considered: (1) whether Plaintiff's failure to comply with court orders stems from willfulness or bad faith, and (2) whether lesser sanctions will suffice. *McDonald v. Emory Healthcare Eye Ctr.*, 391 F. App'x 851, 854 (11th Cir. 2010) (citing *Goforth*, 766 F.3d at 1535).

Here, however, it must be said that Plaintiff has "demonstrate[d] a flagrant disregard for the . . . discovery process." *Aztec Steel Co. v. Florida Steel Corp.*, 691 F.2d 480, 481, 482 (11th Cir. 1982) (affirming dismissal under Rule 37 where court found that litigant "knowingly and willfully failed to comply with court-ordered discovery and that sanctions less severe than dismissal would be ineffective."); *see also Shortz v. City of Tuskegee, Ala.*, 352 F. App'x 355, 359-60 (11th Cir. 2009) (affirming dismissal under Rule 41 where litigant "failed to enunciate any compelling reason for failing to comply with the court's repeated orders to respond to the defendants' discovery requests").

The Court has set forth the detailed chronology above. Plaintiff at first ignored Segway's discovery requests. After prompting, Plaintiff then agreed

15

that his responses would be provided by a certain date, but they were not. He then provided responses that were so limited as to be non-responsive. He declined to answer – or said he would answer later – many interrogatories seeking basic information about the underlying incident, his claim, and his injuries. During a good-faith conferral, Plaintiff could not identify any demands to which he would provide further responses, and did not agree to supplement by a certain date. He did not respond to the first motion to compel. He does not appear to have provided any response at all to Segway's requests for admissions.

Plaintiff then twice failed to comply with Court orders directing him to respond to Segway's discovery requests. (Doc. 140, 143.) Both orders warned Plaintiff of the consequences of failure to follow discovery rules. The latter order specifically advised of the possibility that "failure to timely comply with this order may result in sanctions up to and including dismissal." (Doc. 143 at 3.) The discovery responses that Plaintiff says he served in mid-July, two weeks after discovery closed and after the Court's second order, are also evasive and non-responsive. (Doc. 181.) He has, in short, engaged in deliberate, willful, and repeated conduct of noncompliance, despite being twice ordered to comply with discovery rules.

16

The Court has afforded Plaintiff leniency in many instances cited above due to his pro se status and his medical condition, but these factors do not absolve him of his obligations to abide by the rules and this Court's pretrial instructions. *See Moon,* 863 F.2d at 837 ("Once a pro se [ ] litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."). "If a pro se litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant." *Id.*

The Court recognizes that "[d]ismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances," *Goforth*, 766 F.2d at 1535, but finds that lesser sanctions will not suffice. The Court considered further extending the time for Plaintiff to respond to the discovery requests, but Plaintiff's pattern of conduct during and after discovery strongly suggests that he has no intention of more fully responding. In short, no sanction except dismissal appears appropriate given Plaintiff's repeated failure to comply with the rules of litigation and court orders. *See, e.g., Lyle v BASF Chemistry, Inc.*, 802 F. App'x 479, 482 (11th Cir. 2020) (affirming dismissal of the case with prejudice where the district court extended the discovery deadline three times to allow the plaintiff more time to respond to discovery requests, plaintiff still failed to comply, and plaintiff informed the court that she "intended to continue providing inadequate responses."); *Phipps*

*v. Blakeney*, 8 F.3d 788, 790-91 (11th Cir. 1993) ("When the record clearly demonstrates that a plaintiff deliberately and defiantly refused to comply with several court orders on discovery and tells the court that he will not comply in the future, a district judge has the authority to deny that plaintiff further access to the court to pursue the case.").

By failing to comply with his pretrial obligations, despite this Court's orders establishing specific deadlines for compliance, Plaintiff has prevented Defendants from completing discovery and presenting an effective defense in a case that has been pending for nearly three years. Dismissal of the case is therefore appropriate under Rule 41(b) and LR 41.3(A), NDGa.[9]

---

[9] *See, e.g., Haji v. NCR Corp.*, 834 F. App'x 562, 564 (11th Cir. 2020) (affirming dismissal of the plaintiff's complaint pursuant to Rule 41(b) where the plaintiff was given multiple opportunities to comply with discovery orders, failed each time to comply adequately, and "had been forewarned of the possibility of dismissal if he continued to not comply."); *Jenkins v. Security Eng'r, Inc.*, 798 F. App'x 362, 371 (11th Cir. 2019) (affirming the district court's dismissal of the complaint pursuant to Rule 41(b) where the plaintiff failed to comply with four discovery orders and the court had "expressed sympathy for the flooding and health issues that disrupted her litigation but nonetheless found that Jenkins's failure to answer basic discovery prevented SEI from developing an adequate defense to her claims."); *Howard v. Central Transport Co.*, No. 3:21-cv-141-TCB, 2022 WL 5145733 (N.D. Ga. Sept. 2, 2022) (dismissing the case with prejudice pursuant to Rule 41(b) after the plaintiff failed to comply with three court orders compelling him to provide discovery); *Albright v. BellSouth Adver. & Publ'g Corp.*, No. 1:06-cv-821-WSD, 2007 WL 2917567, at *3 (N.D. Ga. Oct. 5, 2007), adopted at *1 (finding that dismissal of the plaintiff's case with prejudice was appropriate under Rule 41(b) and Local Rule 41.3, NDGa, where the plaintiff's failure to attend her deposition "prevented Defendant

<2>
<3>
</3>

<4>
</4>

<5>
</5>
<6>
</6>
<7>
</7>
<8>
</8>

<9>
</9>

<10>
</10>

<11>
</11>

<12>
</12>

<13>
</13>

<14>
</14>

<15>
</15>

<16>
</16>

<17>
</17>

<18>
</18>

<19>
</19>

<20>
</20>

<21>
</21>

<22>
</22>

<23>
</23>

<24>
</24>

<25>
</25>

<26>
</26>

<27>
</27>

<28>
</28>

<29>
</29>

<30>
</30>

<31>
</31>

<32>
</32>

<33>
</33>

<34>
</34>

<35>
</35>

<36>
</36>

<37>
</37>

<38>
</38>

<39>
</39>

<40>
</40>

## III. Conclusion

Segway's and Lyft's motions to dismiss are GRANTED. (Doc. 148, 149). This case is DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41.3(A), NDGa.

**SO ORDERED** this 11th day of March, 2024.

_[signature]_
SARAH E. GERAGHTY
United States District Judge

---

from obtaining the discovery it lawfully seeks and has prevented this case from proceeding to the trial stage."); *Joacobs v. Network Logistic Sol., Inc.,* No. CV406-107, 2007 WL 188010, at *1 (S.D. Ga. Jan. 22, 2007), adopted at *1 (dismissing the case pursuant to Rule 41(b) where the plaintiff failed to comply with court orders compelling her to serve her initial disclosures and failed to respond to discovery requests).